It is admitted, on both sides, that Abram Dubois, Sr., of Philadelphia, had a fee simple in the land in dispute, before 1807.
The plaintiff deduces his title to the land from the aforesaid Abram Dubois, Sr., in the following manner, viz.: A copy of the records of the court of pleas and quarter sessions of the county of Robeson, in the following words:
"State of North Carolina, Robeson County, Court of Pleas and Quarter Sessions, July Term, 1807. A power of attorney from Abram Dubois, Sr., of the city of Philadelphia, and Mary L. Dubois, his (588) wife, to Abram Dubois, Jr., which did appear to have been acknowledged before Robert Wharton, Esq., mayor of the city of Philadelphia, was produced by the said Abram Dubois, Jr., and ordered to be registered."
He then proved by the deputy clerk of the county court of Robeson that Abram Dubois, Jr., made application to him for the said power of attorney; that it was delivered up, after Abram Dubois, Jr., had made the deed toMix, and the said Abram Dubois, Jr., never returned it, nor was it ever registered; and the said Abram Dubois, Jr., left the State. He further made it appear that he had given notice to the defendant's attorney to produce the said power of attorney in court.
The plaintiff proved that the power of attorney contained ample authority to Abram Dubois, Jr., to sell and make title to all or any of the lands of Abram Dubois, Sr., in the county of Robeson. All this testimony was objected to by the defendant, but admitted by the court. Plaintiff then offered a deed executed in the name of Abram Dubois, Jr., to William P. Mix, dated 31 July, 1807, in which it is stated that he has full power and authority to convey. This was opposed by defendant, but admitted by the court. On 26 August, 1807, Mix conveys the land to the plaintiff.
The jury gave a verdict for the plaintiff; and a motion is made to set aside the verdict and enter a nonsuit, on the following grounds:
1. Because it does not appear that Abram Dubois, Sr., ever gave a power of attorney to Abram Dubois, Jr. The certificate and seal of the mayor of the city of Philadelphia was not a sufficient authority for the county court to admit the deed to probate and registration. *Page 425 
2. If the power of attorney to Abram Dubois, Jr., had been legally acknowledged, still Abram Dubois, Jr., could not make any title to the land until the power of attorney was registered.
3. The deed to Mix is in the name of Abram Dubois, Jr., (589) and makes no mention of Abram Dubois, Sr., in whose name it should have been executed; neither is the power of attorney mentioned in said deed.
We are all of opinion that the estate, in fee simple, which was in A. Dubois, Sr., remained there, and could not be divested unless the deed had been executed in his name, by himself or by his attorney (if he had any). A power of attorney authorizes the agent to make use of the name of his principal. If A. Dubois, Jr., thought proper to execute a deed for land in his own name, nothing passed by that deed but what A. Dubois, Jr., had; and, as it is admitted he had no estate himself, none could pass to Mix, under whom plaintiff claims.
When land is conveyed by virtue of a power of attorney, the purchaser is in, not from the attorney, but from the principal, who retains the estate until one of those deeds which will pass lands has been executed in his name by the attorney.
Who has the title? is the question submitted to us. We are bound to say, from the facts of the case, it is not in the plaintiff. 2 East, 142.
New trial granted.
NOTE. — See Locke v. Alexander, 8 N.C. 412; Redmond v. Coffin,17 N.C. 441; Oliver v. Dix, 21 N.C. 158.
Cited: Cadell v. Allen, 99 N.C. 546.
Dist.: Phillips v. Hooker, 62 N.C. 196.
(591)