WM. J. CADELL and wife v. WM. ALLEN.

*Power of Attorney—Seal—Deeds—Form and Execution of Deeds by Attorneys in Fact—Correction of Written Instruments.*

1. A power of attorney, to authorize an attorney to execute a deed for real estate, must be under the seal of the principal.

2. Such an instrument, concluding "In witness whereof, I (the principal) have hereunto set my hand and seal," and signed, but having no seal after the name, or anything in or about or affixed to it to represent a seal, is invalid.

3. When a deed is executed by an attorney in fact, it must purport on its face and in its terms to be the deed of the principal, and the name of the principal should be signed and his seal affixed *by* the attorney; although the *signing* will be sufficient if it be by the attorney *for* the principal. *Therefore*, a deed purporting in its terms to be made by " D. C., attorney of S. L.," &c., and signed " D. C., attorney for S. L.," is not the deed of the principal.

4. Courts will, in the construction of a deed, interpret the phraseology in such a way as to effectuate the intention of the makers, but cannot supply and interpolate words essential to its validity, although satisfied that the makers of the instrument failed to make it what they intended.

5. In an action brought for that purpose, instruments may be reformed and corrected by the Courts; but this cannot be done where the alleged mistake appears incidentally in the trial of an action purely legal in its character, and to which all the persons whose rights would be affected by the proposed correction are not parties.

EJECTMENT, tried before *Graves, J.*, at September Term, 1886, of UNION Superior Court.

In the course of the trial of this action, the plaintiff—the defendant objecting—was allowed to put in evidence a paper writing, purporting to be a *power of attorney*, from Stephen Lacy and Thomas Lacy to David Cuthbertson, empowering the latter to sell and convey the title to the lands therein men-

tioned and described.   This paper writing concluded as follows:

"In witness whereof, we, the said Stephen and Thomas Lacy, have hereunto set our hands and seals, October 26th day, 1816.

(Signed)  STEPHEN LACY,<br>THOMAS LACY."

But no seal, nor any mark or scroll, purporting to be a seal, is affixed to, or set opposite, these signatures, or elsewhere in the writing.

The plaintiff likewise—the defendant objecting—was allowed to put in evidence a deed from David Cuthbertson, attorney, which purported to convey the title to the lands therein mentioned and described, of Stephen Lacy, one of the parties signing and making the power of attorney, to Aaron Stegall.   The following is a copy of so much of this deed as need be set forth here:

"This indenture, made this 23d of February, 1828, between D. Cuthbertson, of the State of North Carolina, and County of Anson, attorney for Stephen Lacy, of the one part, and Aaron Stegall, of the State and county, of the other part: Witnesseth, that for and in consideration of one hundred and fifty dollars, to him in hand paid by the said Stegall, the receipt whereof is hereby acknowledged, hath granted, bargained and sold, four certain tracts of land lying," &c., (describing them) "and the said D. Cuthbertson, in the name, and by virtue of his power of attorney from the said Stephen Lacy, warrants and forever defends the said tracts, containing six hundred acres of land, and premises, free and clear of all manner of incumbrances, to the said Stegall, his heirs and assigns, forever, in as full and ample a manner as the most learned in the law can devise.   In witness whereof,

the said D. Cuthbertson, attorney as aforesaid, hath hereunto assigned this instrument, and sealed the same.

(Signed) D. CUTHBERTSON,
*Attorney for Stephen Lacy.*"

The defendant, among other things, requested the Court to charge the jury as follows:

" 1. That the power of attorney from Stephen and Thomas Lacy to D. Cuthbertson is void, for uncertainty in the description of the land, which the said D. Cuthbertson is authorized to sell and convey. That the said power does not authorize said Cuthbertson to convey the land said to be embraced in the Lacy grant.

2. That the deed from D. Cuthbertson, the alleged attorney and agent of said Stephen and Thomas Lacy, passes no title to the land therein attempted to be conveyed, the conveyance being in the name of Cuthbertson, and not in that of the said Lacy.

3. That if said deed by Cuthbertson, attorney, passes any title at all, at most it is only a life-estate, which has ceased, the said Cuthbertson, Stephen and Thomas Lacy, and Stegall being all dead when this suit was brought."

There was a verdict and judgment for the plaintiffs, and the defendant appealed to this Court.

*Mr. P. D. Walker,* for the plaintiffs.
*Mr. E. C. Smith,* for the defendant.

MERRIMON, J., (after stating the facts). It is the settled law of this State, that an agent, or attorney in fact, cannot execute a deed of conveyance of land, binding upon his principal, unless he be authorized thereunto by a power of attorney, under seal. The ancient rule of law, in this respect, has not been modified or trenched upon by this Court, and we are not at liberty or inclined to do so now. If the hurry and convenience

of business transactions, in the present state of society, require easier and less solemn methods of conveyance of land than formerly, it is the province of the Legislature, and not that of Courts, to modify and change settled rules of law to that end.

In *Davenport* v. *Sleight*, 2 Dev. & Bat., 381, the late Chief Justice RUFFIN said: "The ancient rule is certain, that authority to make a deed cannot be verbally conferred, but must be created by an instrument of equal dignity. It is owned, that there are modern cases, in which it seems to have been relaxed with respect to bonds. This began with the case of *Texia* v. *Evans*, 1 Anst., 299, note, on which all the subsequent cases profess to be founded. The Court is not satisfied with reasons assigned for those opinions, but entertains a strong impression that they lead to dangerous consequences."

Likewise, in *Graham* v. *Holt*, 3 Ired., 300, DANIEL, J., said: "The notion, with us, has always been what we learned from Co. Lit., 52 (a), and the Touchstone, 57, that he who executes a deed, as agent for another, be it for money or other property, must be armed with authority under seal."

The rule, as thus stated, is recognized in many cases, and must be treated as settled, and of governing authority. *Blacknall* v. *Parish*, 6 Jones Eq., 70; *Bland* v. *O'Hagan*, 64 N. C., 471; *Humphreys* v. *Finch*, 97 N. C., 303.

The power of attorney in question, and relied upon by the appellees, was not sealed at all. It seems that the makers of it intended that it should be, but they failed to seal it, and thus it was left incomplete. A seal was an essential requisite to the completeness of the instrument, and its efficacy to authorize the attorney to execute a deed. Nothing appears to supply it—nothing in or about, or affixed to, the instrument, or the signatures thereto of the makers, that can be interpreted to represent a seal. We have no authority to complete an imperfect instrument, by supplying omit-

ted requisites.   To do so, would be, not to construe, but to make it effectual—that is the province of the parties, not of Courts.

. But if the power of attorney were sufficient, the deed in question was not executed in pursuance of and in the proper exercise of the power.   It everywhere in the body of it purported in terms to be that of "D. Cuthbertson ...... Attorney of Stephen Lacy," &c.; he—not his principal —purported to convey the title, and, as a consequence, no title passed, for he had none to convey.   The deed should, by its effective terms of conveyance, be and purport to be that of the principal, executed by his attorney, and to convey the estate of the principal.   It is not sufficient that the attorney intended to convey his principal's estate, he must have done so, by apt words, however informally expressed, to effectuate that purpose.  The distinct purpose of the principal to convey, and the necessary form and operative words to convey, his estate, must appear in the body of the deed in all essential connections.   His name should be signed, and purport to be signed, and his seal affixed *by* the attorney, but the signing will be sufficient, if it be by the attorney *for* the principal.   In *Oliver* v. *Dix*, 1 Dev. & Bat. Eq., 159, the deed in question, very much like the one before us, ran throughout in the name of "Thomas Dix, attorney in fact for James Dix," and was signed and sealed in the same way.   Chief Justice RUFFIN, delivering the opinion of the Court, said : " It is clear, that the deed offered to the plaintiff is altogether insufficient. No doubt the defendant intended to comply with the contract, and both he and the plaintiff thought he was doing so.   But the deed does not purport to be the deed of James Dix, the owner, but of Thomas, as the attorney ; allusion is not had to the method of signing only.   It may not be material whether it be signed J. D. by T. D., or T. D., for J. D. But the instrument must profess, in its terms, to be the act of the principal."   To the same effect are *Scott* v. *McAlpin,*

Term Rep., 587, (155); *Locke* v. *Alexander*, 1 Hawks, 412; *Redmond* v. *Coffin*, 2 Dev. Eq., 437; *Duval* v. *Craig*, 2 Wheaton, 45, and note on page 56; *Appleton* v. *Brinks*, 5 East., 148.

So that the power of attorney and the deed were both insufficient, and the Court should have rejected them when objected to in the course of the trial, and failing in this, it should have given the special instructions asked for in such respect to the jury.

It was suggested that the Court could see upon the face of them the purpose of the power of attorney, and the deed, to convey the title of the principal, and they should receive such interpretation as will effectuate the purpose. Courts will interpret pertinent words and phraseology in deeds, and like instruments, in such way as to effectuate the intention of the makers thereof, appearing from the whole instrument, when this can reasonably be done; but there must be proper, pertinent and necessary words and phraseology in them, to interpret; the Court cannot supply and interpolate these; that would be to make them, and this is not the province of the Court, but only that of the parties to them. The Court can only construe what appears, however informally; it cannot supply the substance, or change or modify that appearing, although it may be satisfied that the parties to the instrument failed to make it what they intended; they are bound by what they have, in effect, under the rules of law, done, whatever may have been the intention.

It was further suggested, that inasmuch as the Court can, in the same action, try, hear and determine both legal and equitable causes of action, in appropriate cases, it, seeing the intention of the parties, as to the power of attorney and the deed before us, could, and ought, to require them to be reformed, and the plain mistake corrected. It may be, that, in appropriate cases, this could and ought to be done. But here the action and the cause of action are simply at law. No equitable cause of action is alleged, nor is such relief de-

manded. When equitable rights are to be litigated, and relief sought, there must be proper allegations and pleadings to such end, and all parties, to be affected by the relief demanded, must be made parties to the action. It may be, that those interested adversely to the plaintiff, will not consent to the making of the desired corrections; and they are entitled to have their day in Court, and to contest the claim of the plaintiff, in the ordinary course of procedure.

It is a mistaken notion, that to some extent prevails, that under the present method of civil procedure, the Courts can try, hear and determine civil actions and causes of action anyhow, and in any way, however summary. It has character and integrity—it has purpose, principles and forms, that are necessary in the safe and orderly administration of public justice, that must be observed, and that the Courts must uphold and enforce.

There is error. The defendants are entitled to a new trial, and we so adjudge. To that end let this opinion be certified to the Superior Court. It is so ordered.

Error.                                    *Venire de novo.*