## I. E. RAMSEY v. LAURA G. DAVIS ET AL.

(Filed 23 March, 1927.)

**1. Deeds and Conveyances—Principal and Agent—Attorneys in Fact—Execution of Instruments.**

A deed by an attorney in fact to pass title to his principal's land, must not only expressly show that its execution was that of the principal, but it must also appear from the signature that it was the act and.deed of the principal executed by the agent in his name.

**2. Same—Equity—Contracts—Title.**

Where in a partition for the division of lands among tenants in common, sole seizin by one of them is set up under a deed purporting to have been executed by an attorney in fact of the others, but the deed is insufficient to convey the title of the principals for want of stating this fact sufficiently in the body of the deed and in its execution, in the absence of allegation for equitable relief in behalf of the grantee in the supposed deed, and of necessary parties, the courts will not declare that the instrument operates in equity as a contract to convey under the doctrine that such courts will regard that as done which should have been done.

APPEAL by plaintiff from *Sinclair, J.,* at October Term, 1926, of CARTERET.

The plaintiff instituted a proceeding before the clerk for the partition of land and alleged that he and the defendants, Laura G. Davis, W. B. Blades, George J. Brooks, C. R. Wheatley, and J. F. Duncan, were the owners and in possession; that his interest was three-eighths, Mrs. Davis's one-half, and that the other defendants one-eighth; and that the land could not be divided to advantage and should be sold for partition.

Mrs. Davis filed an answer denying the plaintiff's allegations and pleading sole seizin. There was evidence that Mrs. Rhodes and her husband, Mrs. Shelton and her husband, and Mrs. Laura C. Davis (Hamlin) executed a power of attorney constituting J. H. Davis their attorney in fact to sell and convey their real estate. He signed a paper-writing purporting to be a deed executed "by J. H. Davis, attorney in fact for Fanny Rhodes and husband, and Laura C. Davis," etc., to

Laura G. Davis. The paper "witnesseth, that J. H. Davis, attorney in fact," etc., sells and conveys the land; "J. H. Davis, attorney in fact, etc., covenants," etc.; and "J. H. Davis, attorney in fact," signed his name under seal.

The appellant admits that he has no interest in the land if the title of Fanny Rhodes and Laura C. Davis (Hamlin) was conveyed by the alleged deed; but he contends that it does not purport on its face or by its terms to be the deed of the principals and that their interest in the land was not conveyed to the defendant Laura G. Davis. On appeal from the clerk the trial judge held that Laura G. Davis is sole seized and gave judgment accordingly. The plaintiff excepted and appealed.

*C. R. Wheatley and J. F. Duncan for appellant.*
*Guion & Guion for appellees.*

ADAMS, J. The decision in *Cadell v. Allen,* 99 N. C., 542, is controlling in the case at bar. There the "indenture was between D. Cuthbertson, attorney for Stephen Lacy, and Aaron Stegall," and was signed "D. Cuthbertson, attorney for Stephen Lacy." In reference to the sufficiency of the deed the Court said: "But if the power of attorney were sufficient the deed in question was not executed in pursuance of and in the proper exercise of the power. It everywhere in the body of it purported in terms to be that of 'D. Cuthbertson—attorney of Stephen Lacy,' etc.; he—not his principal—purported to convey the title, and as a consequence no title passed, for he had none to convey. The deed should, by its effective terms of conveyance, be and purport to be that of the principal, executed by his attorney, and to convey the estate of the principal. It is not sufficient that the attorney intended to convey his principal's estate, he must have done so, by apt words, however informally expressed, to effectuate that purpose. The distinct purpose of the principal to convey and the necessary form and operative words to convey his estate must appear in the body of the deed in all essential connections. His name should be signed, and purport to be signed, and his seal affixed by the attorney, but the signing will be sufficient, if it be by the attorney for the principal. In *Oliver v. Dix,* 21 N. C., 158, the deed in question, very much like the one before us, ran throughout in the name of 'Thomas Dix, attorney in fact for James Dix,' and was signed and sealed in the same way. *Chief Justice Ruffin,* delivering the opinion of the Court, said: 'It is clear that the deed offered to the plaintiff is altogether insufficient. No doubt the defendant intended to comply with the contract, and both he and the plaintiff thought he was doing so. But the deed does not purport to be the deed of James Dix, the owner, but of Thomas, as the attorney; allusion is not had to the method of signing only. It may not be material whether

IN RE PERRY.

it be signed J. D., by T. D., or T. D. for J. D. But the instrument must profess in its terms to be the act of the principal.' To the same effect are *Scott v. McAlpin,* 4 N. C., 587; *Locke v. Alexander,* 8 N. C., 412; *Redmond v. Coffin,* 17 N. C., 437; *Duval v. Craig,* 2 Wheaton, 45, and note on page 56; *Appleton v. Brinks,* 5 East., 148."

See, also, *Woodbury v. King,* 152 N. C., 676; *Tiger v. Land Co.,* 41 L. R. A. (N. D.), 805, and annotation. It will be noted that the acknowledgment in the present case is not that of the principals, but of "J. H. Davis, attorney in fact."

The appellees contend that if this be granted, the defective instrument operates as a contract to convey and vests in the grantee an equitable title to the land. It is true that equity, regarding that as done which ought to be done, will protect and enforce rights arising from instruments which are defectively executed on the ground that they may operate as contracts to convey. *Willis v. Anderson,* 188 N. C., 479; *Vaught v. Williams,* 177 N. C., 77; *Robinson v. Daughtry,* 171 N. C., 200; *Woodbury v. King, supra; Rogerson v. Leggett,* 145 N. C., 7. This principle applies when equity is pleaded or facts as a basis of the equity are sufficiently alleged and all the parties to be affected are before the court. In the case before us, as in *Cadell v. Allen, supra,* no equitable cause of action is alleged; no equitable relief is demanded in the answer. Here, as was said by *Merrimon, J.,* "the action and the cause of action are simply at law," and so far as the record shows, neither J. H. Davis nor Fanny Rhodes nor Laura C. Davis (Hamlin) is a party to the present proceeding. The instrument therefore is not enforceable as a contract to convey. The judgment ·is

Reversed.