ALBERT PICK & COMPANY v. MOREHEAD BLUFFS HOTEL
COMPANY, INC.

(Filed 24 April, 1929.)

1. **Principal and Agent C a—Implied authority of agent authorized to make purchase to do so on credit of principal—Conditional Sales.**

An agent appointed for the purchase of goods, without being given the money for which to pay for them, has implied authority to purchase them on the credit of his principal, and to do such other things in pursuance of the authority directly given as are reasonably necessary to consummate the transaction, and in this case, involving a large expenditure for the furnishing of a hotel, the execution of a contract wherein the vendor retained title for the security of the purchase price.

2. **Same—Where agent has implied authority to execute conditional sales contract the form of execution immaterial between parties.**

As between the vendor and purchaser it is immaterial in what form the agent authorized to purchase certain merchandise signed the contract, which in case of an incorporated agent is sufficient if signed by its president. C. S., 1139.

3. **Sales I a—Between parties to conditional sales contract registration not necessary.**

Between the parties to a conditional sales contract probate and registration is not required by statute. C. S., 3312.

4. **Contracts B a—Interpretation of contract by parties will be generally adopted.**

An interpretation that the parties to a contract have given it will be generally adopted by the court, and a contract for the purchase of furniture for a hotel subject to an itemization given therein and to such minor adjustments as may take place from time to time as the unit prices set forth, is held to cover additional items amounting to about $11,000, ordered and accepted by the vendee and shipped by the vendor under the contract.

APPEAL by Morehead Bluffs Hotel Company, Inc., from *Nunn, J.,* at November Term, 1928, of CRAVEN. No error.

It is alleged in the complaint that on 12 May, 1926, plaintiff sold to the defendant certain personal property at the agreed price of $48,370.48, which was afterwards increased by the sale of other articles under the contract to $59,370.88; that this sum was credited with $5,000 paid in cash and with an item of $1,133, leaving as the amount due the plaintiff $53,237.88, with interest at 6 per cent on the amount of each shipment from the time the shipment was made.

The defendant denied the material allegations of the complaint and for a further defense alleged that the property, consisting of furniture and other articles, was bought on an open account and not under a con-

tract by which the title was retained by the plaintiff; that it did not authorize such a contract, and that when it learned about a year after the sale that the plaintiff claimed retention of the title, it offered to return the goods and demanded that the alleged contract be canceled and that the furniture be removed from the hotel.

The plaintiff had the property seized under proceedings in claim and delivery and the defendant executed a replevin bond and kept possession of the property. The case came on for trial and the following verdict was rendered:

1. Is defendant indebted to the plaintiff? Answer: Yes.

2. If so, in what amount? Answer: $53,237.88, with interest.

3. Is the plaintiff the owner and entitled to the immediate possession of the personal property described in the complaint and the sheriff's return? Answer: Yes.

4. If so, what was the value at the time of the seizure of the property? Answer: $38,000.

5. What damage, if any, has the property sustained by deterioration since the seizure? Answer: $3,800.

6. What damage has plaintiff sustained by reason of the wrongful detention of the said property? Answer: Six per cent of $38,000.

It was thereupon adjudged that the plaintiff recover of the defendant $53,237.88 with interest from 1 January, 1927; that the property be sold and that the plaintiff recover $3,800 as damages for deterioration, or if possession could not be had that the plaintiff recover the value of the property with interest, etc. The plaintiff excepted and appealed upon error assigned.

*Ringer, Wilhartz & Hirsch and Ward & Ward for plaintiff.*
*Whitehurst & Barden for defendant.*

ADAMS, J. On 20 March, 1926, the defendant entered into a written contract with a Delaware corporation known as the William Foor Hotel Operating Corporation, by which the defendant agreed to build a modern hotel and casino at Morehead Bluffs and to furnish the building with first-class modern hotel furniture and equipment. It was agreed that the Foor Corporation, upon receipt of a written request from the defendant, should purchase for the defendant at a price acceptable to the parties all the furniture and equipment for the hotel in consideration of five per cent of the total cost. On 12 May, 1926, a written instrument, called a thirty-day agreement, was signed by the plaintiff and by "William Foor Hotel Operating Corporation for the Morehead Bluffs Hotel Company, by William Foor, Pres." This paper purports to be an offer by the plaintiff to sell the furniture and an acceptance of the offer by

the Foor Corporation for the defendant. It contains this clause: "The title to said merchandise shall remain in the seller until the same shall be fully paid for."

It is contended that this alleged contract is not binding on the defendant because it was not executed by the defendant or any of its officers, but by the Foor Corporation for the defendant. This objection is addressed to the question of the defendant's execution of the instrument and not to the signature of the Foor Corporation. Its name was signed by its president, and it is provided by statute that written contracts for the purchase of personal property by corporations in which title is retained as a security for the purchase price are sufficiently executed if signed in the name of the corporation by the president, secretary, or treasurer in his official capacity. C. S., 1139. The question is whether the execution of the contract by the Foor Corporation for the Morehead Bluffs Hotel Company binds the defendant. By the contract of 25 March, 1926, the defendant appointed the Foor Corporation its agent to purchase furniture; and the instrument of 12 May, 1926, is intended to be a contract between the plaintiff as seller and the defendant as buyer. The parties are the plaintiff and the defendant. It is therefore immaterial whether the contract was signed in the name of the defendant by the Foor Corporation or in the name of the Foor Corporation for the defendant. Either form would be sufficient. *Cadell v. Allen,* 99 N. C., 542; *Ramsey v. Davis,* 193 N. C., 395; 21 R. C. L., 848, sec. 27. The contract as between the parties, if properly executed, is valid without reference to its probate and registration. C. S., 3312; *Kornegay v. Kornegay,* 109 N. C., 188.

Another position of the appellant is this: the appointment of an agent to purchase personal property does not authorize such purchase when the title is retained to secure payment of the agreed price. As no funds were given the agent to pay for the furniture he had the implied power to make the purchase on the credit of the defendant. In *Brittain v. Westall,* 137 N. C., 30, it is said: "It may be taken as a settled principle in the law of agency that if express authority to buy on a credit is not given to an agent, but he is authorized to make the purchase and no funds are advanced to him to enable him to buy for cash, he is, by implication, clearly authorized to purchase on the credit of his principal, because when an agent is authorized to do an act for his principal, all the means necessary for the accomplishment of the act are impliedly included in the authority, unless the agent be in some particular expressly restricted." *Ruffin v. Mebane,* 41 N. C., 507; *Swindell v. Latham,* 145 N. C., 144. In the law of agency this rule also is in force: "Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the

nature of the particular business, is justified in assuming that such agent is authorized to perform in behalf of his principal the particular act, and such particular act has been performed the principal is estopped from denying the agent's authority to perform it." 21 R. C. L., 856.

The agent contracted for the purchase of property valued at about $50,000; no money was paid, no security was tendered, and the financial standing of the defendant was uncertain. In these circumstances the plaintiff was justified in assuming that the agent was authorized to purchase though the title was retained; and, having received the furniture, the defendant cannot now repudiate its contract on the ground of the agent's want of power. There is ample evidence that the contract was duly executed.

The price of the goods first shipped was $48,370.48; but afterwards upon the defendant's order other articles were shipped on the same account and under the original contract. This was done pursuant to a stipulation in the thirty-day agreement to this effect: "Subject to the itemization given therein and to such minor adjustments as may take place from time to time at the unit prices set forth." There is evidence that the parties construed this stipulation by changing items amounting to about $11,000 from one of the accounts to the other, leaving the remainder as alleged in the complaint, as admitted in the defendant's evidence, and as shown by the statement from the records of the defendant. Where it appears that the parties themselves have practically interpreted their contract the courts generally will adopt their construction. *Lewis v. Nunn,* 180 N. C., 159; *Wearn v. R. R.,* 191 N. C., 575.

What has been said disposes of the three propositions stated in the appellant's brief. There are forty-nine exceptions in the record, some of which relate to the admission or rejection of evidence. It is not necessary to refer to them in detail; in our examination of them we have found no reason for awarding a new trial.

No error.