## MRS. J. P. SMITH v. DR. HUGH THOMPSON.

(Filed 25 November, 1936.)

**1. Torts C a: Physicians and Surgeons C b—Release of tort-feasors signed after treatment of injury by a physician held to bar action against the physician for alleged malpractice in treating the injury.**

In this action against a physician for alleged malpractice, the pleadings disclosed that plaintiff released the parties causing the accident of all claims growing out of the accident, including medical expenses, that the release was signed for a valuable consideration after plaintiff had employed the services of defendant physician, and after his treatment of her constituting the basis of the claim for malpractice, and that plaintiff paid the physician out of money received as consideration for the release for his services rendered before and after the execution of the release. *Held:* The tort-feasors causing the accident would be liable for injuries resulting from malpractice in treating the injuries if plaintiff had exercised due care in the selection of the physician, and the release, covering by its terms and the interpretation given it by the parties, all medical expenses incurred before and after the execution of the release for the treatment of the injury, bars plaintiff from maintaining the action against defendant physician for alleged malpractice, and his motion for judgment on the pleadings was properly granted.

**2. Contracts B a—**

Courts will generally adopt the construction given a contract by the parties thereto.

APPEAL by plaintiff from *Barnhill, J.*, at Third March Term, 1936, of WAKE. Affirmed.

The plaintiff brought this action for damages against the defendant for malpractice. The plaintiff was injured in a motorcycle accident on 11 July, 1929, which resulted in a broken leg. The defendant, a physician, was called in to treat her.

The defendant, in his answer, among other things, says: "It is specifically denied that the defendant did any negligent act or negligently omitted to do any act in connection with the treatment and care of the plaintiff, and it is specifically denied that the said injuries to the plaintiff and her said disabilities, or any of them, were in any way caused by any negligent act or omission by the defendant, but, on the contrary, it is alleged that each and all of the said injuries and disabilities of the plaintiff were caused by the aforesaid automobile accident, and that the treatment furnished by the defendant to the plaintiff had no effect upon the plaintiff's said injuries or upon her general physical condition, except that the said treatment furnished by the defendant greatly lessened and decreased the pain, suffering, and disabilities resulting to the plaintiff from the said accident."

In an amended answer, allowed by the court, the defendant alleges: "That, as the defendant is informed and believes, and therefore alleges, the plaintiff was injured in an accident and collision with a motorcycle, driven by one W. J. Andrews, while in the employment of P. D. Gattis, on 11 July, 1929, and for which the said W. J. Andrews and P. D. Gattis were responsible and liable, and that as a result of said accident and collision the plaintiff sustained a very serious injury to her leg, described as a compound comminuted fracture of both bones of the leg, the large bone or tibia penetrating and protruding out of the skin approximately two inches and being covered with dirt. That on or about 3 October, 1929, the plaintiff executed and delivered, for valuable consideration, to the parties responsible for the said accident and collision, from which plaintiff's injury resulted, to wit, the aforesaid P. D. Gattis and W. J. Andrews, a release and discharge in settlement and in satisfaction of all claims which she then had or might have for any injury arising out of or resulting from said accident, or which might thereafter arise therefrom. That after the careful and skillful treatment rendered by the defendant, and after the date of the alleged occurrence of the matters complained of in the complaint, plaintiff was satisfied with the care and skill employed in her treatment by the defendant, even to the extent that she was willing to execute the aforesaid release; and the defendant hereby pleads the execution of the aforesaid release by the plaintiff in bar of this action."

In answer to the amended answer, the plaintiff admits the release, reiterates malpractice on the part of defendant, and that it was signed on the fraudulent representation of defendant. "That he advised plaintiff that her limb would be practically as good as new within a few months, and that at the time said release was signed releasing said P. D. Gattis and W. J. Andrews for their negligence in causing the original injury to her

22—210

limb, the said defendant wrote a letter to the then plaintiff's attorney assuming the after care of plaintiff upon the payment of a further sum of money to him for professional services rendered and to be rendered in his treatment of her. Plaintiff alleges further that said amount which the defendant claimed was due him for his professional services to that time and for the after care necessary in the treatment of her limb was paid out of the small recovery which she received. Plaintiff alleges further that she never would have accepted such a small compromise except for the advice of the defendant, who was then her physician and in whose care she was. Plaintiff alleges that she had confidence in his statement to the effect that she would completely recover within a short while."

The release is as follows:

"General Release.

"IN CONSIDERATION of the sum of TWENTY-FOUR HUN-DRED AND NO/100 DOLLARS, received by me this 3rd day of OCTOBER, 1929, We, Mrs. Dora Smith and husband, J. P. Smith, of the County of WAKE and the State of NORTH CAROLINA, have released and discharged and do hereby for myself, my heirs, executors and administrators, release and discharge P. D. GATTIS and W. J. ANDREWS, executors and administrators, successors and assigns, of and from any and all claims for damages of any kind or character what-soever and all causes of action, claims and demands whatsoever which I ever had, now have, or may hereafter have by reason of personal inju-ries sustained by me on or about the 11th day of July, 1929, or by reason of any cause, matter or thing whatsoever, including all medical expenses. It is hereby expressly understood and agreed that it is the intention of the parties hereto and they do hereby settle and compromise the afore-said claim for damages and that the said sum of TWENTY-FOUR HUNDRED AND NO/100 DOLLARS, is the sole consideration of this release, and all agreements and understandings between the parties are hereto embodied and expressed therein. THUS DONE AND SIGNED at the City of RALEIGH, State of NORTH CAROLINA, on this 3rd day of OCTOBER, 1929.

| "THOMAS RUFFIN, Witness,<br>Raleigh, N. C. | MRS. DORA SMITH,<br>210 South Blount Street,<br>Raleigh, N. C. |
| "SELETA FELTON, Witness,<br>Notary Public,<br>909 Citizens Nat'l Bank Bldg.,<br>Raleigh, N. C. | J. P. SMITH,<br>210 South Blount Street,<br>Raleigh, N. C." |

The judgment of the court below is as follows: "This cause coming on to be heard, and being heard before his Honor, M. V. Barnhill, and a jury, at the Third March Term, 1936, and upon motion by the defendant for judgment upon the pleadings, and it appearing from the pleadings filed herein that on 11 July, 1929, the plaintiff suffered a broken left leg just above her ankle as result of collision with the motorcycle driven and operated by P. D. Gattis and W. J. Andrews; that the defendant herein was engaged to treat and treated the plaintiff for said injuries resulting from said collision; that thereafter, on or about 3 October, 1929, and subsequent to the date of the alleged acts of the defendant herein complained of, which are in connection with treatment rendered plaintiff by the defendant for her injuries resulting from the aforesaid collision, the plaintiff executed and delivered to said P. D. Gattis and W. J. Andrews, the parties originally responsible for plaintiff's accident and injuries complained of herein, a full release, settlement, and discharge, releasing said P. D. Gattis and W. J. Andrews from all liability for their negligence in causing plaintiff's injuries and from any and all claims for damages of any kind or character whatsoever which she then had or might thereafter have by reason of personal injuries sustained by her as result of said motorcycle collision, or which might thereafter result from said injuries and in satisfaction of said claims, and the court being of the opinion that the aforesaid release and discharge of said P. D. Gattis and W. J. Andrews by the plaintiff, as set forth by defendant in his further answer and plea in bar, and admitted by the plaintiff, constitutes a good and sufficient release of defendant herein, and a bar to this action, and that the plaintiff is not entitled to recover anything of the defendant in this action: It is therefore considered, ordered, and adjudged that the plaintiff take nothing of the defendant in this action, and that this action be and the same is hereby dismissed, that the defendant go hence without day, and that the costs of this action be taxed against the plaintiff.

(Signed)   M. V. BARNHILL,<br>*Judge Presiding.*"

To the foregoing judgment as signed the plaintiff excepted and assigned error and appealed to the Supreme Court.

*W. Brantley Womble and R. B. Templeton for plaintiff.*
*Smith, Leach & Anderson for defendant.*

CLARKSON, J.  Did the court err in rendering judgment upon the pleadings in favor of the defendant?  We think not.

Plaintiff was injured in a motorcycle accident on 11 July, 1929.  On 3 October, 1929, represented by her counsel, plaintiff settled all her

claims for damages against the operators of the motorcycle which struck her, receiving the sum of $2,400 in full compensation for all injuries resulting from said collision, or which might thereafter result therefrom. In consideration of said settlement and compensation, plaintiff and her husband executed a "General Release," witnessed by plaintiff's counsel and a notary public, in which plaintiff released P. D. Gattis and W. J. Andrews, operators of the motorcycle, from *"any and all claims for damages of any kind or character whatsoever and all causes of action, claims and demands whatsoever which I ever had, now have, or may hereafter have by reason of personal injuries sustained by me on or about the 11th day of July, 1929, or by reason of any cause, matter or thing whatsoever, including all medical expenses."* Almost three years after the injury complained of, plaintiff brought this action, on 9 July, 1932, *in forma pauperis,* against defendant.

The rule of law in actionable negligence cases of this kind for damages is well settled. In *Ledford v. Lumber Co.,* 183 N. C., 614 (616-17), is the following: "In cases like the one at bar, if the plaintiff be entitled to recover at all, he is entitled to recover as damages one compensation—in a lump sum—for all injuries, past and prospective, in consequence of the defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses and loss of time, or loss from inability to perform ordinary labor, or capacity to earn money. Plaintiff is to have a reasonable satisfaction (if he be entitled to recover at all) for loss of both bodily and mental powers, or for actual suffering, both of body and mind, which are the immediate and necessary consequences of the injury. And it is for the jury to say, under all the circumstances, what is fair and reasonable sum which the defendant should pay the plaintiff by way of compensation for the injury he has sustained. The age and occupation of the injured party, the nature and extent of his business, the value of his services, the amount he was earning from his business, or realizing from fixed wages, at the time of the injury, or whether he was employed at a fixed salary, or as a professional man, are matters properly to be considered. *Rushing v. R. R.,* 149 N. C., 158. The sum fixed by the jury should be such as fairly compensates the plaintiff for injuries suffered in the past and those likely to occur in the future. The award is to be made on the basis of a cash settlement of the plaintiff's injuries, past, present, and prospective. *Penny v. R. R.,* 161 N. C., 528; *Fry v. R. R.,* 159 N. C., 362." *Murphy v. Lumber Co.,* 186 N. C., 746 (748); *Cole v. Wagner,* 197 N. C., 692 (698-9); *Shipp v. Stage Lines,* 192 N. C., 475; *Campbell v. R. R.,* 201 N. C., 102 (108).

In *Lane v. R. R.,* 192 N. C., 287 (291-2), we find: "In *Sears v. R. R.,* 169 N. C., 446, it is held that where there is some evidence that as the

result of a personal injury, which was alleged to have been negligently inflicted by the defendant on its employee, two surgical operations were performed, and that the second one was made necessary by reason of the defendant's negligence and as a proximate result thereof, it is proper for the trial judge to refuse to instruct the jury that in no view of the case was the defendant liable for the additional suffering, etc., caused by the second operation. It has further been held that where the injured person has received unskillful treatment by a physician or surgeon, increasing the damages, defendant may be liable for such consequences where the person injured has used reasonable care in selecting the physician or surgeon. 17 C. J., 738, note 56, and cases cited."

In *Sircey v. Rees' Sons,* 155 N. C., 296 (299), we find: "We cannot agree with the learned counsel that the plea of a release is technical and does not present a meritorious defense. Plaintiff thereby acknowledged full satisfaction of his claim, and he is entitled to have no more. Nor can we assent to the suggestion that a plaintiff should be allowed two satisfactions for one and the same demand. Such a doctrine would shock the moral sense and violate a cardinal maxim of the law, if not the defendant's constitutional right." At p. 302: "A plaintiff is entitled to but one satisfaction of his cause of action, whether but one or many may be liable, or whatever the form of action may be." *Elmore v. R. R.,* 189 N. C., 658 (666-7); *Scott v. Bryan, ante,* 478 (480).

In *Holland v. Utilities Co.,* 208 N. C., 289 (292), it is said: "Both reason and justice decree that there should be collected no double compensation, or even over compensation, for any injury, however many sources of compensation there may be."

Plaintiff in an action for actionable negligence against P. D. Gattis and W. J. Andrews, joint tort-feasors, under the law in this jurisdiction could recover (*Ledford case, supra*), "as damages one compensation—in a lump sum—for all injuries, past and prospective, in consequence of defendant's wrongful or negligent acts. These are understood to embrace indemnity for actual nursing and medical expenses," etc. Plaintiff did not bring an action for actionable negligence, but in consideration of $2,400 made the release before mentioned. At the time this release was made, the plaintiff had employed the defendant to treat her injuries. In law the physician's charges were a part of any damage she may recover in an action for actionable negligence. In her release for $2,400, she assumed to pay as part of her settlement "including all medical expenses," the physician's charges. This obligation was a part of the settlement. In fact, in her pleadings, she says: "That said amount which the defendant claimed was due him for his professional services to that time and for the after care necessary in the treatment of her limb was paid out of the small recovery which she received."

Courts will generally adopt parties' construction of contract. *Albert Pick & Co. v. Morehead Bluffs Hotel Co.,* 197 N. C., 110. Plaintiff construed the contract that part of the release settlement included medical expenses and paid the defendant physician out of the compromise settlement.

In *Edmonson v. Hancock* (Ga.), 151 S. E. Rep., 114 (116), speaking to the subject, it is said: "The case of *Martin v. Cunningham,* 93 Wash., 517, . . . is one in which the facts and pleadings were almost identical with those in the case at bar. In that case it appeared that the plaintiff had been injured in a train wreck and was attended by a physician in the employ of the railroad company. After the plaintiff released the railroad company from all liability to him arising out of the injury, he sued the physician for alleged negligent treatment. In that opinion the Court said: 'Conceding malpractice on respondent's part, as charged by the complaint, we think appellant is precluded from a recovery against him. The railway company was liable not only for the injury and resulting suffering of the appellant, but also for the malpractice of the attending surgeon and for the expenses of medical attendance. Having that liability in view, the company settled with him, paying him a substantial sum for a release from further liability. At the date of the release the appellant had already suffered from the alleged malpractice and had employed another surgeon to remedy it, to whom he had paid $500 for the service. These were all matters that could be enforced against the railway company under its liability for damages, and the settlement was clearly made with a view to covering all those elements of damages. They were known to exist by the parties to the release, and the settlement was made with reference to them. The release, having been made in full satisfaction of all existing claims, precludes the appellant from bringing a second action for malpractice against the surgeon, occupying somewhat the position of a joint tortfeasor, to recover double compensation for what he has already been satisfied. It is a well settled doctrine of the law that complete satisfaction for an injury received from one person in consideration of his release operates to discharge all who are liable therefor, whether they be joint or several wrongdoers,' " citing numerous authorities. *Feinstone v. Allison Hospital* (Fla.), 143 So., 251. The almost unanimous decisions in the nation are in accord with the position here taken.

Plaintiff does not bring an action for fraud or mistake to set aside the release she signed, but has waited nearly three years before suing defendant for malpractice. In *Pendergraft v. Royster,* 203 N. C., 384 (393), it is said: "A doctor is neither a warrantor of cures nor an insurer."

It may be that on plaintiff's pleadings there was no actionable negligence charged against defendant, but defendant did not demur. On the whole record, we think plaintiff is estopped by her release from bringing this action.

For the reasons given, the judgment of the court below is
Affirmed.