DAVID J. HOBBS v. QUEEN CITY COACH COMPANY AND FRANKLIN A. BROOME, AND GREENSBORO-FAYETTEVILLE BUS LINE, INC.

(Filed 6 June, 1945.)

**1. Master and Servant § 21c: Automobiles § 23: Appeal and Error § 8—**

In an action to recover damages for alleged injuries resulting from an automobile collision, while there are other allegations of negligence in the complaint, the trial below was had on the alleged theory that, at the time of the collision, the bus of the corporate defendants was being driven by the individual defendant, an employee and agent of corporate defendants, at a reckless and high rate of speed and out of control, and without keeping a proper lookout for the safety of others traveling upon the

highway, thereby permitting the bus to move from its right-hand side to its left-hand side of the public highway and immediately in front of plaintiff's automobile. Hence, the liability of the corporate defendants is grounded solely, and is wholly dependent upon the negligence, if any, of the individual defendant, under the doctrine of *respondeat superior.*

**2. Evidence §§ 42b, 42c—**

It is not necessary to the competency of an admission by a party to the record that it shall have been made as part of the *res gestæ.* Admissions, when offered as those of a party to the record, are competent against him when they are against his interest, material and pertinent or relevant to an issue in the case. Such admissions are original, primary, independent and substantive evidence.

**3. Evidence § 42c—**

While declarations by a party to the record, who is one of several defendants, are competent against him when against his interest, material, pertinent and relevant, their admission is not prejudicial to his co-defendants, where the court rules that they are competent only against the defendant making them and instructs the jury not to consider them as against the other defendants.

**4. Evidence § 28: Automobiles §§ 12a, 18a—**

Allegations, in a complaint for alleged personal injuries to plaintiff by an automobile collision, and evidence supporting same, as to the presence of soldier-passengers in plaintiff's car and the fact that one of them was killed and others injured by the collision, were proper and competent solely to be considered by the jury with respect to the momentum of the vehicle at the time of the crash (which was admitted), the attendant destruction and death bearing on the question of negligence and proximate cause of the injury.

**5. Automobiles §§ 18g, 24c: Negligence §§ 19a, 19b—**

In an action to recover damages for alleged injuries to plaintiff resulting from an admitted automobile collision, where plaintiff's evidence tended to show that, at the time of the accident, the bus of the corporate defendants was being driven on the public highway, by the individual defendant, employee and agent of corporate defendants, at a reckless and high rate of speed (in excess of 45 miles per hour, no special hazard existing, G. S., 20-141) and out of control and without keeping a proper lookout for the safety of others traveling upon the highway, thereby permitting the bus to move over from its right-hand side to its left-hand side of the highway, in violation of G. S., 20-148, and immediately in front of plaintiff's automobile, a head-on collision resulting, and while plaintiff was offering his evidence, as an accommodation to the witness, a medical expert was allowed to testify for defendants, and then plaintiff completed his evidence and rested, defendant introducing no other evidence and also resting, upon motion by defendants for judgment as of nonsuit, G. S., 1-183, the motion was properly denied, there being ample evidence for the jury, and there being no sufficient evidence of contributory negligence; and it is not necessary to decide whether or not defendants' motion under G. S., 1-183, was aptly made.

**6. Automobiles § 8—**

The operator of a motor vehicle on a public highway may assume that other operators of motor vehicles will use reasonable care and caution commensurate with visible conditions, and that they will approach with their vehicles under reasonable control and will observe and obey the rules of the road. As between operators their duties are mutual and each may assume that others will comply with their obligations.

**7. Evidence § 27—**

Objection to the admission of evidence is rendered harmless by the subsequent admission, without objection, of evidence to the same effect as that objected to and bearing upon the identical matter.

**8. Same—**

Where evidence is improperly admitted and, at the conclusion of all the evidence, the court rules that the same is incompetent and instructs the jury not to consider it, the error in the admission of the evidence is cured.

APPEAL by defendants from *Sink, J.,* at February Term, 1945, of MOORE.

Civil action to recover for personal injuries and property damage allegedly resulting from actionable negligence of defendants.

These facts appear from admission in answer to amended complaint offered in evidence: Defendants Greensboro-Fayetteville Bus Line, Inc., and Queen City Coach Company are corporations operating motor buses in the transportation of passengers for hire over certain public highways in North Carolina. The latter company owns the capital stock and had some control over the operation and management of the defendant Greensboro-Fayetteville Bus Line. And on 17 July, 1943, one of the buses of Greensboro-Fayetteville Bus Line, transporting passengers for hire and operated and driven by its employee and agent, the defendant Franklin A. Broome, over and along U. S. Highway No. 1, between the towns of Sanford and Aberdeen near the town of Vass in said State, collided with an automobile proceeding northward along said highway, and operated by the plaintiff with whom several soldiers were riding.

Plaintiff alleges other facts briefly stated as follows: That on 17 July, 1943, in daytime and perfectly clear weather, he left his home at Aberdeen, traveling in his Plymouth Tudor sedan, and proceeding northward along U. S. Highway No. 1; that after leaving the vicinity of the town of Vass he picked up three soldiers, paratroopers of the U. S. Army, who were standing by the roadside soliciting a ride; that after so doing he continued north along said highway—traveling on his side of the road and at a lawful rate of speed and keeping a proper lookout; that when he reached a point about one mile of the town of Cameron a large "passenger omnibus" owned by corporate defendants, traveling

south of said highway, and driven by defendant Franklin A. Broome, approached him at a reckless, negligent, dangerous and unlawful rate of speed; that when in a short distance of plaintiff's automobile the bus suddenly and without warning, notice or signal left its proper and legal side of the public highway and swerved over to the plaintiff's side of the road, immediately in front of plaintiff's car and ran into the car of plaintiff with tremendous force and violence, totally wrecking and demolishing plaintiff's car, killing William H. Willett, one of the soldiers in the plaintiff's car, and seriously injuring the other soldiers, and dangerously, seriously and permanently injuring plaintiff in manner thereinafter alleged; and that the injuries sustained by plaintiff and damage to his automobile were directly and proximately due to and caused by the carelessness and negligence of the defendants (1) in that the bus was being driven and operated by the defendant driver (a) when he knew that the brakes, steering gear and other portions of the bus were defective and out of order, and (b) when he knew, or by the exercise of due diligence should have known, that the brakes, steering gear and other portions of the bus were so defective and out of order, as to cause the brakes to become locked and the driver to lose control of the bus, by reason of which it would swerve from one side of the road to the other, and (2) in that with such knowledge he negligently operated the bus in its defective condition at a rate of speed in excess of that prescribed by law, with the result that when in the immediate vicinity of plaintiff's automobile, the brake on said bus became locked, the steering gear unmanageable, and the driver lost control of the bus and permitted it to swerve over to plaintiff's side of the road immediately in front of plaintiff's car—crashing into it with terrific force, and (3) in that the defendants at the time caused and permitted said bus "to be operated . . . at a reckless and high rate of speed without keeping a proper and diligent lookout for the safety of others who might be traveling on said highway, and negligently and recklessly permitted said automobile to be moved from its right-hand side of the public highway to its left-hand side of the public road, and immediately in front of the automobile being driven at the time by plaintiff, as aforesaid . . ."

Defendants answering the amended complaint deny that the collision between the bus and the automobile of plaintiff was due to any negligence of the defendants, and aver that "by no wrongful act or omission on the part of defendants, the brakes on said bus became locked and the steering gear became unmanageable, and that the bus on account thereof left its right-hand side of the highway and proceeded over to the left-hand side, where the plaintiff, under the circumstances hereinafter set out, negligently drove his automobile into and against the bus of said defendant."

Defendants as further answer and defense plead contributory negligence of the plaintiff in the operation of his automobile in these respects, (1) in violation of statute regulating speed, C. S., 2621 (287), now G. S., 20-141, (2) in failing to keep proper lookout ahead for traffic upon the highway, (3) in carelessly driving car into the bus, (4) in driving without having car equipped with adequate brakes, and (5) in failing to seasonably apply such brakes as were upon his automobile immediately; and further avers that so far as defendants had any connection therewith the collision was an unavoidable accident.

Defendants further moved to strike out the portion of the allegations as to killing one of the soldiers and injuring the others, as being irrelevant, immaterial and improper. Denied. Exception.

The evidence offered by plaintiff tends to show this narrative of pertinent facts: The collision took place on U. S. Highway No. 1 at the crest of a very slight hill from which point the roadway can be seen for several hundred feet to the north and to the south. To the north of the point of collision the highway is straight and almost level for three hundred to four hundred yards. Just south of it the highway makes a very slight curve and goes down grade through a depression and "could be seen three hundred yards." Traveling toward the point from the south the wreck was seen from another automobile moving in same direction at a point half-way up this incline in the roadway. The highway is paved to the width of twenty-one feet and ten inches with "very good shoulders" about eight feet wide. There is a white line along the center of the pavement. The collision occurred about mid-afternoon—around four o'clock. "It was nice, pretty weather." Plaintiff's automobile, a 1940 Plymouth Tudor sedan, was traveling north on his right side—the east side of the center line. The bus, of approximately thirty-passenger capacity, had been traveling south on its right side—the west side of the center line, but gradually went to the left just before the collision and collided with plaintiff's automobile on the east side of the center line. As indicated by condition of automobile, by position of bus and automobile as they came to rest "tied together," and by several scars or marks on the pavement, the front end of the bus was driven up over the motor of the automobile, and on in past the dashboard—just about half-way inside the automobile—and the bus knocked the automobile backward from the point of collision—three or four feet east of the center line—across the highway on an angle of about forty-five degrees for a distance of eighty-eight feet entirely onto the shoulder of the road on the west side—the bus resting at an angle from center of highway out to the shoulder. The right front of the automobile was broken down. Plaintiff had head injury, concussion of the brain causing unconsciousness, four of his teeth were knocked out, his chest was bruised, his finger

cut to the bone, and his thigh injured, and his knee caps fractured. One soldier was killed and another painfully hurt. (Exception.) As plaintiff's automobile approached point of collision it was traveling at speed of between thirty and thirty-five miles an hour. The bus, when seen by one who heard the noise of the collision, "was going anywhere from 45 to 60, somewhere in there . . . making good time."

Testimony was offered that twenty or thirty minutes after the collision the driver of the truck, defendant Franklin A. Broome, in response to question by someone present at the scene as to "What happened?" stated, "I don't know. I must have gone to sleep." The court overruled objection thereto in so far as it relates to defendant Broome, and instructed and cautioned the jury that the statements could be considered as against him, but that they are not competent as to, and should not be considered against his co-defendants, Queen City Coach Company and Greensboro-Fayetteville Bus Line, Inc. Exception. And again testimony was offered that defendant Broome responded to inquiry of State Highway patrolman that "he didn't know what happened; that he didn't know how the accident happened and he didn't see the car until just at the instant they hit." This testimony was admitted as against defendant Broome, but not against his codefendants, and the court gave similar instruction as hereinabove just stated. Exception.

Plaintiff further offered evidence bearing upon the issue of damages— pertinent portions of which, to which exceptions are taken, are referred to in opinion hereinafter, and need not be incorporated in this statement of facts.

The case was submitted to the jury upon issues as to (1) negligence of defendants, (2) contributory negligence of plaintiff, and (3) damages. The jury answered the first "Yes," the second "No," and the third "$10,875.00."

From judgment thereon in favor of plaintiff, defendants appeal to Supreme Court and assign error.

*U. L. Spence and J. Talbot Johnson for plaintiff, appellee.*
*Dameron & Young and M. G. Boyette for defendants, appellants.*

WINBORNE, J. The record on this appeal discloses that while there are other allegations of negligence in the amended complaint as set out in the foregoing statement of the case, the trial in the Superior Court was had upon the alleged theory that at the time of the collision the bus of the corporate defendant was being driven by the individual defendant, employee and agent of corporate defendants, at a reckless and high rate of speed and out of control, and without keeping a proper lookout for the safety of others traveling upon the highway, thereby permitting the

bus to move from its right-hand side to its left-hand side of the public highway, and immediately in front of plaintiff's automobile. Hence, the liability of the corporate defendants is grounded solely, and is wholly dependent upon the negligence, if any, of the individual defendant under the doctrine of *respondeat superior*. *Leary v. Land Bank,* 215 N. C., 501, 2 S. E. (2d), 570, and numerous other cases.

In the light of this setting we have considered the several exceptions brought up by defendants, and grouped here according to related subjects, and find in them no prejudicial error.

I. Exceptions Nos. 4 to 11, both inclusive, and No 38 relate (1) to the admission in evidence of statements of witnesses as to declarations of defendant driver of the bus, made 20 or 30 minutes after the accident, as to what happened at the time of the accident, (2) to the instruction of the court as to the competency of such declarations, and (3) as to allegations of negligence upon which the case was tried.

It is not necessary to the competency of an admission by party to the record that it shall have been made as part of the *res gestæ.* It is a rule of evidence that admissions when offered as those of a party to the record are competent against him when the admissions are against his interest, material and pertinent or relevant to an issue in the case, and offered when the declarant is a party to the record at the time of the offer. Such admissions are original, primary, independent and substantive evidence of the facts covered thereby, and may be used to make out the opponent's case by proving or disproving the fact in issue. 10 C. J. S., 1091, Evidence, *et seq.* IV Wigmore on Evidence, 3d Ed., 1078.

In the light of these rules of evidence, declarations of the defendant driver of the bus were admitted not as a part of the *res gestæ,* but as declarations of a party then defendant to the record. They were against his interest, were material and pertinent to the issue of negligence on the theory upon which the case was being tried, and, hence, were competent against him. The court ruled that the declarations were not competent as against corporate defendants and so instructed the jury, and further cautioned and instructed the jury not to consider them as against the corporate defendants. Hence, it will not be held that the corporate defendants are prejudiced by the admission of the testimony.

II. Exceptions Nos. 1 to 3, both inclusive, and No. 33 relate (1) to the refusal of the court to strike the allegation in the amended complaint as to one soldier being killed and others injured in the collision, (2) to the admission of evidence to like effect, and (3) to the charge of the court in that respect. It is admitted in a portion of the answer, offered in evidence, that "several soldiers were riding" with plaintiff. And the court instructed the jury that "with respect to the soldiers and what may

have happened to them or may not have happened to them . . . is not a matter that concerns you. (The sole purpose that the soldiers, and what may have occurred to them, may be considered by you is with respect to the momentum of the vehicle at the time of the crash—if a crash you shall find there was—and it is admitted there was a crash. There should not be and there must not be any consideration given with respect to the soldiers or what may have happened to them in your verdict other than the consideration in the gathering of the facts for the purpose for which that testimony is allowed and that purpose is as the court has just given you.)" That part in parentheses is covered by exception.

The evidence is competent for the purpose for which it was admitted. See *Powers v. Sternberg,* 213 N. C., 41, 195 S. E., 88, where the "attendant destruction and death," caused by the force with which the car in question ran into the truck there is said to establish the negligence of the driver of the car as the proximate cause of the injury. Hence, the allegations in the pleading and evidence pursuant thereto were proper for the purpose indicated.

III. Exception No. 28 is to refusal of motion for judgment as in case of nonsuit. G. S., 1-183. The record shows that, while the plaintiff was offering evidence and as an accommodation to the witness, Dr. Lenox Baker, a medical expert, was allowed to testify as a witness for defendants. Then plaintiff resumed the offering of evidence. But defendants introduced no other evidence. The record also shows these entries written one under the other after the narrative of the testimony of the last witness for plaintiff: "The plaintiff rests. The defendants rest." Then this entry follows: "The defendants, and each of them, now rests and each of them collectively and individually moves for judgment as of nonsuit upon the closing of the testimony. The motion is denied and defendants collectively and individually except."

Plaintiff makes the point that defendants having offered evidence were required under the statute, G. S., 1-183, to make a motion for judgment as in case of nonsuit at the close of plaintiff's evidence, and preserving exception thereto, to renew the motion at close of all the evidence, and having made the motion only at the close of all the evidence—lost their rights under the statute. But be that as it may, we need not here decide, for we are of opinion and hold that timely motions for judgment as of nonsuit would have been unavailing to defendants for that the evidence taken in the light most favorable to plaintiff as we must do in such cases is abundantly sufficient to take the case to the jury on the issue as to negligence of defendants. And we agree with the court below in instructing the jury that there is no sufficient evidence to support an affirmative finding on the issue as to contributory negligence of plaintiff, to which Exception No. 39 relates. The court could not have held as a matter of

law, under such circumstances, that the plaintiff should be nonsuited for his contributory negligence.

There is evidence that the speed of defendants' bus immediately before the collision was in excess of forty-five miles per hour, and, therefore, *prima facie* evidence that the speed was not reasonable or prudent, and that it is unlawful—there being no evidence of special hazard existing, G. S., 20-141. There is also evidence that the driver of the bus was not passing the plaintiff's car on the right, nor giving to it at least one-half of the main traveled portion of the roadway as nearly as possible, in violation of the statute relating to meeting of vehicles. G. S., 20-148. Violation of this latter statute would be negligence *per se*. *Tarrant v. Bottling Co.,* 221 N. C., 390, 20 S. E. (2d), 565.

Moreover, it is a general rule of law, even in the absence of statutory requirements, that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. In the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision with persons and vehicles upon the highway. This duty requires that the operator be reasonably vigilant, and that he must anticipate and expect the presence of others. And, as between operators so using the highway, the duty of care is mutual, and each may assume that others on the highway will comply with this obligation. 5 Am. Jur., Automobiles, sections 165, 166, 167. *Murray v. R. R.,* 218 N. C., 392, 11 S. E. (2d), 326; *Reeves v. Staley,* 220 N. C., 573, 18 S. E. (2d), 239; *Tarrant v. Bottling Co., supra*. And in the present case there is evidence from which the jury might find that in the operation of the bus there was a failure in the performance of such duties.

Furthermore, as to the alleged contributory negligence of plaintiff: "One is not under a duty of anticipating negligence on the part of others, but in the absence of anything which gives or should give notice to the contrary, a person is entitled to assume, and to act upon the assumption that others will exercise care for their own safety." 45 C. J., 705. Indeed, the operator of a motor vehicle on a public highway may assume that other operators of motor vehicles will use reasonable care and caution commensurate with visible conditions, and that they will approach with their vehicles under reasonable control, and that they will observe and obey the rules of the road. See *Shirley v. Ayers,* 201 N. C., 51, 158 S. E., 840, and *Murray v. R. R., supra,* where other authorities are cited.

IV. Exceptions Nos. 14 to 20, both inclusive, and 25 to 27, both inclusive, are to the admission of evidence bearing on the issue of damages. The record shows that in the main other evidence to same effect

and bearing upon identical matter was admitted without objection. This rendered harmless the admission of the evidence to which exception is taken. *Ledford v. Lumber Co.,* 183 N. C., 614, 112 S. E., 421; *Shelton v. R. R.,* 193 N. C., 670, 139 S. E., 232; *Ingle v. Green,* 202 N. C., 116, 162 S. E., 476; *Gray v. High Point,* 203 N. C., 756, 166 S. E., 911, and numerous other cases. But in any event, we do not find the evidence, admitted over objection, to be incompetent. It was relevant particularly to element of diminished earning capacity within the measure of damages recoverable as result of personal injury. *Ledford v. Lumber Co., supra; Smith v. Thompson,* 210 N. C., 672, 188 S. E., 395.

V. Exceptions Nos. 21 to 24, both inclusive, relate to admission of evidence as to value of a watch and a suitcase and its contents lost by plaintiff on the occasion in question. However, at the conclusion of all the evidence the court ruled that evidence in these respects is incompetent, and instructed the jury that in no event should recovery be allowed for the loss of these articles. By such action any error in the admission of the evidence is cured. See *Gray v. High Point, supra,* and cases cited.

VI. Exceptions Nos. 29 to 32, both inclusive, 34 to 37, both inclusive, and 40 to 43½, both inclusive, relate (1) to refusal of requests for instruction, (2) to statement of contentions to which no objection was made at the time, (3) to charge of the court (a) in defining actionable negligence, and (b) on certain phases of law bearing on damages recoverable, and (4) to failure to define and explain the term "greater weight of evidence." Careful consideration of each of these exceptions in the light of the theory of the trial, and of the charge as a whole, fails to disclose prejudicial error.

VII. All other exceptions are either formal or have been abandoned and require no discussion.

In the trial we find

No error.