MRS. BLANCHE W. HUNTER v. M. L. FISHER, M. H. CLARK, AND H. S. KIMREY, T/A WACCAMAW OIL TRANSPORT COMPANY, AND JAMES M. CAMERON, ORIGINAL DEFENDANTS,
and
SILAS N. HUNTER, ADDITIONAL DEFENDANT.

(Filed 20 November, 1957)

1. **Damages § 13a—**

Instruction in this case on the measure of damages for personal injury, including medical expenses, loss of time, suffering, both past and prospective, *held* without prejudicial error.

2. **Automobiles § 41h—**

Evidence *held* sufficient to support finding that additional defendant was negligent in that he made a left turn in the original defendant's line of travel without ascertaining the movement could be made in safety and that such negligence was one of the proximate causes of the accident and resulting injury to the passenger in the additional defendant's vehicle.

3. **Trial § 31b—**

Where the court correctly charges on all essential features of the case, a party desiring additional instructions or amplification must aptly tender request therefor.

APPEAL by plaintiff and by the additional defendant from *Huskins, J.,* Regular B. Civil Term, MECKLENBURG Superior Court.

Civil action for damages alleged to have been sustained by the plaintiff and proximately caused by the negligence of the original defendants in a motor vehicle collision at North Graham and West 11th Streets in the City of Charlotte. Involved in the accident were a Ford automobile operated and owned by Silas N. Hunter, plaintiff's husband, and a tractor-trailer unit operated by James M. Cameron and owned by the other original defendants trading as Waccamaw Oil Transport Company. The plaintiff was a passenger in her husband's Ford. The original defendants, upon motion, had Silas N. Hunter made an additional party defendant for the purpose of contribution. The jury answered the issues as follows:

"1. Was the plaintiff injured and damaged by the negligence of the defendant James M. Cameron, as alleged in the complaint?

Answer: Yes.

"2. If so, what amount of damages is the plaintiff entitled to recover of the original defendants?

Answer: $5,000.00.

"3. Did the defendant, Silas N. Hunter, by his joint and concurring negligence contribute to the injuries and dam-

ages of the defendant as alleged in the cross action against him?

Answer: Yes."

From a judgment that the plaintiff recover of the original defendants $5,000.00, and that the original defendants recover from the additional defendant ·the sum of $2,500.00, the plaintiff and the additional defendant appealed.

*Blakeney & Alexander, By: J. W. Alexander, Jr., Ernest W. Machen, Jr., for plaintiff, appellant.*

*Helms & Mulliss, James B. McMillan, for additional defendant Hunter, appellant.*

*Kennedy, Covington, Lobdell & Hickman, By: Hugh L. Lobdell, for· original defendants, appellees.*

HIGGINS, J. The trial of this cause developed into a contest between the plaintiff and the additional defendant on the one side and the original defendants on the other. Each sought to have the jury find the collision and resulting damages were caused by the negligence of the other. The evidence was voluminous and in conflict with respect to the traffic lights and the right of way. The jury found that both drivers were negligent. The evidence was sufficient to support the findings.

The assignment of error mainly relied′ upon by the plaintiff relates to the Court's charge on the issue of damages. After reviewing in detail the evidence of plaintiff's injuries, the Court charged:

> "The rule of law . . . with respect to damages is as follows: If Mrs. Hunter is entitled to recover anything at all, she is entitled to recover as damages one compensation in a lump sum for all injuries past and prospective in consequence of the defendants' wrongful or negligent acts. These are understood to embrace indemnity for nursing and medical expenses and loss of time, if she had any loss of time, or loss from inability to perform ordinary labor if she had any such loss, and capacity to earn money . . . She is to have a reasonable satisfaction, if she be entitled to anything at all, for loss of both bodily and mental powers, or for actual suffering both of body and mind which are the immediate and necessary consequences of the injury, and it is for the jury to say under all the circumstances what is a fair and reasonable sum which the defendants should pay the plaintiff by way of compensation for the injuries she has sustained. The age and occupation of the injured party . . . the nature and extent of her business . . . the value of her services, the amount she was earning

. . . or whether she was employed or unemployed, are all matters properly to be considered by the jury in arriving at the amount of damages. The sum fixed by the jury should be such as fairly compensates her for injuries suffered in the past and those likely to occur in the future. The award is to be made on the basis of a cash settlement of the plaintiff's injuries, past, present and prospective."

The foregoing charge is in substantial compliance with the rule for the assessment of damages in cases of this character. *Pascal v. Transit Co.,* 229 N.C. 435, 50 S.E. 2d 534; *Owens v. Kelly,* 240 N.C. 770, 84 S.E. 2d 163; *Mintz v. R. R.,* 233 N.C. 607, 65 S.E. 2d 120; *Helmstetler v. Power Co.,* 224 N.C. 821, 32 S.E. 2d 611; *Smith v. Thompson,* 210 N.C. 672, 188 S.E. 395; *Patrick v. Bryan,* 202 N.C. 62, 162 S.E. 207; *Campbell v. R. R.,* 201 N.C. 102, 159 S.E. 327; *Cole v. Wagner,* 197 N.C. 692, 150 S.E. 339; *Mangum v. R. R.,* 188 N.C. 689, 125 S.E. 549; *Murphy v. Lumber Co.,* 186 N.C. 746, 120 S.E. 342; *Batts v. Tel Co.,* 186 N.C. 120, 118 S.E. 893; *Ledford v. Lumber Co.,* 183 N.C. 614, 112 S.E. 421.

The evidence was sufficient to support the finding the additional defendant was negligent in that he made a left turn in the original defendant's line of traffic without ascertaining the movement could be made in safety and that such negligence was one of the proximate causes of the accident and resulting injury to the plaintiff. *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *Butner v. Spease,* 217 N.C. 82, 6 S.E. 2d 808; *Smith v. Supply Co.,* 214 N.C. 406, 199 S.E. 392.

The trial judge reviewed the evidence and correctly charged on all essential features of the case. If additional instructions or amplification were desired by either appellant, request for them should have been made in apt time. *Metcalf v. Foister,* 232 N.C. 355, 61 S.E. 2d 77. Reason to disturb the verdict does not appear.

On plaintiff's appeal
No error.
On additional defendant's appeal
No error.