George W. JOHNSON, Plaintiff,

v.

Lillie Mae HARRIS, Individually, and Lillie Mae Harris, Administratrix of the Estate of William E. Harris, Jr., Deceased, Defendants.

BURLINGTON INDUSTRIES, Inc., Plaintiff,

v.

Lillie Mae HARRIS, Individually, and Lillie Mae Harris, Administratrix of the Estate of William E. Harris, Jr., Defendants.

Civil Action Nos. C-167-G-57, C-174-G-57.

United States District Court M. D. North Carolina, Greensboro Division.

Oct. 10, 1958.

Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., Clarence Ross, Graham, N. C., and Thomas C. Carter, Burlington, N. C., for plaintiffs.

Cooper, Latham & Cooper, and Robert E. Long, Burlington, N. C., for defendants.

STANLEY, District Judge.

This litigation arises by reason of a collision which occurred on January 22, 1957, at about 4 o'clock a. m., on U. S.

Highway No. 52, at a point about one mile south of the North Carolina-Virginia State line, between a tractor-trailer unit owned by the plaintiff, Burlington Industries, Inc., and being operated by the plaintiff, George W. Johnson, and a 1954 model Oldsmobile owned by William E. Harris, Jr., deceased, and being operated by the defendant, Lillie Mae Harris. The plaintiff, George W. Johnson, thereafter instituted suit against the defendants in the Superior Court of Alamance County, North Carolina, seeking the recovery of damages for personal injuries sustained in said collision, which action was later removed to this court, and the plaintiff, Burlington Industries, Inc., instituted suit in this court against the defendants seeking recovery of damages to its tractor-trailer unit resulting from said collision.

William E. Harris, Jr., a passenger in and the owner of the automobile being operated by the defendant, Lillie Mae Harris, was killed in the collision. The defendant, Lillie Mae Harris, was thereafter duly appointed administratrix of the estate of her deceased husband, William E. Harris, Jr., by the Probate Court of Marion County, Indiana. The defendants timely filed an answer in both suits denying negligence and pleading contributory negligence on the part of the plaintiffs and, in Case No. 174–G–57, setting up a counterclaim for damages for personal injuries sustained by the defendant, Lillie Mae Harris, and damages for the alleged wrongful death of William E. Harris, Jr., deceased.

Commencing on July 9, 1958, the actions, consolidated for trial by consent, came on for trial before the court without a jury. At the conclusion of the trial, the court took the cases under advisement pending receipt of briefs from the parties in support of their contentions. The briefs of the parties having been received the court, after considering the pleadings, evidence, stipulations, exhibits, and briefs of the parties, now makes and files herein its Findings of Fact and Conclusions of Law, separately stated.

## Findings of Fact

1. The plaintiff, George W. Johnson, at the time of the institution of his action, was a citizen and resident of Alamance County, North Carolina.

2. The plaintiff, Burlington Industries, Inc., at the time of the institution of its action, was a corporation organized and existing under the laws of the State of Delaware.

3. The defendant, Lillie Mae Harris, at the time of the institution of these actions, was a citizen and resident of the State of Indiana, and was the duly qualified and acting administratrix of the estate of William E. Harris, Jr., deceased, letters of administration having been previously issued by the Probate Court of Marion County, Indiana.

4. The amount in controversy in each of the actions exceeds, exclusive of interest and costs, the sum of $3,000.

5. By stipulation of the parties, Lillie Mae Harris, as administratrix of William E. Harris, Jr., deceased, can legally represent the interest of said estate in this litigation and can assert the counterclaim in Case No. 174–G–57 for the wrongful death of the said William E. Harris, Jr., deceased, and both she individually and the estate are bound by the results of this action as fully and to the same extent as if an ancillary administrator had been appointed in the State of North Carolina for the purpose of asserting said counterclaim.

6. On January 22, 1957, the plaintiff, Burlington Industries, Inc., owned a 1955 model White tractor attached to a 1950 model Trailmobile trailer, which at the time of the occurrence herein referred to was being driven and operated by the plaintiff, George W. Johnson. Upon said occasion, the plaintiff Johnson was the agent, servant and employee of the Burlington Industries, Inc., and was acting within the scope of his agency and employment, and the negligence, if any, on the part of the plaintiff Johnson would be imputed to the plaintiff, Burlington Industries, Inc., as a matter of law.

7. On January 22, 1957, William E. Harris, Jr., deceased, owned a 1954 model Oldsmobile automobile, which was being driven and operated at the time of the occurrence herein referred to by the defendant, Lillie Mae Harris. Lillie Mae Harris and William E. Harris were husband and wife and had been living together in that capacity up to the time of the collision. Said automobile was a family purpose automobile and was being used as such at the time of the collision, and the negligence, if any, of Lillie Mae Harris in the operation of said automobile would be imputed to William E. Harris, Jr., deceased, as a matter of law.

8. U. S. Highway No. 52 between Mount Airy, North Carolina, and the North Carolina-Virginia State line, is of tar and gravel construction approximately 21 feet wide, with unpaved shoulders some 8 feet wide, and runs generally in a north-south direction. At a point about one mile south of the North Carolina-Virginia State line, an unpaved road, generally known and designated as Miller road, intersects U. S. Highway No. 52 from the west. For some distance north and south of the Miller road intersection, U. S. Highway No. 52 curves slightly, going north, to the right.

9. At the time of the collision herein referred to, it was dark and the surface of the road was wet. It had been raining earlier, but was not raining at the time and point of collision. However, it was misty and there was fog in certain areas.

10. The headlights on both vehicles involved in the collision were in good condition and were burning.

11. For a distance of approximately 200 feet south of the Miller road intersection and a distance of approximately 600 feet north of the Miller road intersection, there was painted a non-passing yellow line to the east of and parallel with a center white line in U. S. Highway No. 52.

12. On January 22, 1957, at about 4 o'clock a. m., the plaintiff Johnson was driving the aforementioned tractor-trailer unit, belonging to Burlington Industries, Inc., in a southerly direction along and upon U. S. Highway No. 52. As Johnson approached a point on said highway approximately one mile south of the North Carolina-Virginia State line, and approximately the point where Miller road intersects said highway, and while proceeding on the west side of the center line of said highway around a long, gradual curve to his left, and at a speed of from 40 to 45 miles per hour, he observed another tractor-trailer unit approaching along said highway from the opposite direction and traveling on the east side of the highway and in its right lane of travel. The identity of the owner and driver of the approaching tractor-trailer unit is unknown.

13. When the headlights of the unknown tractor-trailer unit and the headlights of the tractor-trailer unit operated by the plaintiff Johnson passed each other, the plaintiff Johnson saw for the first time the headlights of the 1954 model Oldsmobile being operated by the defendant, Lillie Mae Harris. At the time said plaintiff first saw said headlights, the defendant's automobile was proceeding in a northerly direction along and upon the west side of said highway, and the front of said automobile was about even with the rear of the unknown tractor-trailer unit.

14. Before the plaintiff Johnson had an opportunity to apply brakes or change his course of travel, his tractor-trailer unit collided head-on with the defendant's automobile. The plaintiff's tractor-trailer unit had a gross weight of some thirty-nine thousand pounds, and the force of the impact drove the defendant's automobile back south for a distance of approximately 75 feet. When the two vehicles came to a rest, the defendant's automobile was completely upon the east side of the highway. The front of the plaintiff's tractor-trailer unit was likewise upon the east side of the highway and immediately in front of the defendant's automobile, but the rear portion of the plaintiff's unit extended onto the west side of the highway.

15. As the result of said collision, the tractor-trailer unit of the plaintiff, Burlington Industries, Inc., was, by stipulation of the parties, damaged in the amount of $4,500.

16. As the result of said collision, the plaintiff Johnson sustained certain personal injuries and incurred hospital, doctor and nursing expenses in the amount of $153.50. Johnson's injuries consisted of a laceration over his nose approximately 1¼ inches; a laceration over his left eye approximately 3 inches in length, which had to be sutured; bruises and abrasions of parts of his body, causing pain in his chest; pain in both knees and in his left eye; swelling around his left eye and in the eyeball; swelling over the sternum and over his ribs; and a fracture of his left kneecap, making necessary the application of a cast over this area of his knee for about a month, after which it was necessary for him to have elastic support and physio-therapy treatments to his left knee. After reaching maximum improvement, Johnson had a ten per cent permanent disability to his left knee. He was earning an average weekly wage of $132, including expenses for meals, and was out of work for eight weeks following the injury. Upon his return to work, he has only been able to work five nights a week, instead of six nights as theretofore, and by reason of the loss of one night's work per week he has sustained, since his return to work, a loss of wages of $22 per week.

17. As the result of injuries sustained in said collision, William E. Harris, Jr., who was riding in the front seat with his wife, died, and Lillie Mae Harris, the driver of the defendant's vehicle, suffered serious and permanent injuries, and substantial medical expense.

### Discussion

Since this is a diversity suit and the accident happened in the State of North Carolina, the substantive law of this State governs the rights and liabilities of parties to these actions.

The testimony in these cases, and particularly the inferences to be drawn from the testimony of the witnesses and the exhibits introduced in evidence, was conflicting and far from conclusive. There are only two witnesses who survived the accident, the driver of each of the vehicles. The defendant, Lillie Mae Harris, has unfortunately suffered some type of amnesia and is unable to recall anything that transpired from about four hours before the accident until the following day when she regained consciousness in the hospital. Under these circumstances, the court has only the testimony of the plaintiff Johnson, and certain physical evidence as disclosed by exhibits and the testimony of witnesses. Johnson's testimony with respect to the point of collision was corroborated by the highway patrolman. An inference may be drawn from the testimony of other witnesses, and certain pictures and other exhibits introduced in evidence, that the accident happened on the east side of the highway. However, after weighing all the conflicting evidence, and the reasonable inferences to be drawn therefrom, the court is convinced by a preponderance of the evidence that the accident happened on the west side of the highway and substantially in the manner hereinbefore described.

The general rules governing cases of this type are well established. The burden of proof is on the plaintiff to prove by a preponderance of the evidence that the defendants were guilty of negligence which was the proximate cause, or one of the causes, of the injuries and damages they sustained. Conversely, the burden of proof is on the defendants to prove contributory negligence on the part of the plaintiffs.

Under the facts herein found, it would appear that the defendants violated certain state statutes regulating the operation of motor vehicles on a public highway.

Section 20–150, General Statutes of North Carolina, provides as follows:

"(a) The driver of a vehicle shall not drive to the left side of the center of a highway, in overtaking and

passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety.

"(b) The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction upon the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of five hundred feet.

\*    \*    \*    \*    \*    \*

"(d) The driver of a vehicle shall not drive to the left side of the center line of a highway upon the crest of a grade or upon a curve in the highway where such center line has been placed upon such highway by the State Highway Commission, and is visible.

"(e) The driver of a vehicle shall not overtake and pass another on any portion of the highway which is marked by signs or markers placed by the State Highway Commission stating or clearly indicating that passing should not be attempted."

In Tarrant v. Pepsi Cola Bottling Co., 1942, 221 N.C. 390, 20 S.E.2d 565, 569, the court stated:

"It is a general rule of law, even in the absence of statutory requirement, that the operator of a motor vehicle using the highways must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. In the exercise of such duty, it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision with persons and vehicles upon the highway. This duty requires that the operator be reasonably vigilant, and that he must anticipate and expect the presence of others. And, as between operators so using the highways, the duty of care is mutual, and each may assume that others on the highway will comply with this obligation. 5 Am.Jur., Automobiles, Sections 165, 166, 167, 168 and 169. See, also, Murray v. Atlantic Coast Line R. Co., 218 N.C. 392, 11 S.E.2d 326, and Reeves v. Staley, 220 N.C. 573, 18 S.E.2d 239."

In Holland v. Strader, 1939, 216 N.C. 436, 5 S.E.2d 311, 312, the court stated:

"According to the uniform decisions of this court, the violation of a statute imposing a rule of conduct in the operation of a motor vehicle and enacted in the interest of safety has been held to constitute negligence per se, but before the person claiming damages for injury sustained can be permitted to recover he must show a causal connection between the injury received and the disregard of the statutory mandate. This has been the established rule in North Carolina since Ledbetter v. English, 166 N.C. 125, 81 S.E. 1066.
\*    \*    \*"

The Supreme Court of North Carolina has repeatedly held that a violation of Section 20–150, General Statutes of North Carolina, relating to the limitations on privilege of overtaking and passing another vehicle, is negligence per se, and, if injury proximately results therefrom, the injured party is entitled to recover. Murray v. Atlantic Coast Line R. Co., 1940, 218 N.C. 392, 11 S.E.2d 326.

Under the facts herein found, it is clear that (1) the defendant was attempting to overtake and pass another vehicle at a time when her left side of the highway was not free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety, that (2) she was passing another vehicle proceeding in the same direction upon a curve in the highway where her view along the highway was obstructed within a distance of 500 feet, and that (3) she was attempting to overtake and pass another vehicle on a

portion of the highway which was marked with a yellow line clearly indicating that passing should not be attempted. It is further clear that such acts on the part of the defendant constituted negligence and were the sole proximate cause of the injury and damages sustained by the plaintiffs.

Under the facts herein found, the plaintiff Johnson was operating his tractor-trailer unit upon the right side of the highway and within the applicable speed law. If he was guilty of negligence by not seeing the headlights on defendant's automobile earlier than he did, it is obvious that such failure was not one of the proximate causes of the collision.

By stipulation of the parties, the tractor-trailer unit of the plaintiff, Burlington Industries, Inc., was damaged to the extent of $4,500.

The plaintiff Johnson is entitled to recover as damages for his injuries one compensation in a lump sum for all injuries, past and prospective, in consequence of the defendant's wrongful and negligent acts. These embrace indemnity for nursing and medical expense and for loss of time and capacity to earn money, and reasonable satisfaction for loss of both bodily and mental powers, and for suffering of both body and mind, which are the immediate and necessary consequences of the injury. The award is to be made on the basis of a cash settlement for all injuries, past, present and prospective. Hunter v. Fisher, 1957, 247 N.C. 226, 100 S.E.2d 321.

After giving effect to this rule, and carefully considering the nature and extent of injuries sustained by the plaintiff Johnson, and his loss of earnings and medical expenses, it is found that he is entitled to recover of the defendants the sum of $4,500.

### Conclusions of Law

1. The court has jurisdiction of the parties and the subject matter herein.

2. The defendants were guilty of negligence which proximately caused the injuries and damages sustained by the plaintiffs.

3. The plaintiffs were not guilty of contributory negligence.

4. The plaintiff, George W. Johnson, is entitled to recover of the defendants the sum of $4,500, together with his costs herein expended.

5. The plaintiff, Burlington Industries, Inc., is entitled to recover of the defendants the sum of $4,500, together with its costs herein expended.

Counsel for the plaintiffs will prepare and submit to the court an appropriate judgment.