HENDERSON COTTON MILLS, PLAINTIFF v. LOCAL UNION NO. 584, TEXTILE WORKERS UNION OF AMERICA (AFL-CIO); TEXTILE WORKERS UNION OF AMERICA (AFL-CIO); DOUG ROSE, NICK LANGLEY, RUFUS STRANGE, M. LUTHER JACKSON, VERNON W. BURNETTE, ANDREW C. TURNER, CARL C. MOORE, RALPH F. HARRIS, WILLARD O. FAULKNER, JAMES B. H. ROBERSON, ALBERT L. BATTON, HENRY W. STALLINGS, EDWARD J. OFTEN, JAMES E. REARDON, RICHARD F. PARROTT, CLARENCE E. HARPER, JOHN E. STALLINGS, JOE HALE, JOHN LONG, HARRY HICKS, EDWIN ELLINGTON, COY L. PEGRAM, SHERMAN FERRELL, FRANK O. TURNER, LINVEL NELSON, SIDNEY WALLACE, PHIL HARRIS, ELMORE MURPHY, MACON RENN, JOHN OWEN, CLIFTON CARTER, SANDY SAM ROBERSON, JAMES BARKER, EDWARD MOSELEY, WILLIAM TART, MELVIN BRAME, HERMAN MULCHI, R. TALMADGE HARPER, BILLY THOMPSON, JOHN G. MULCHI, JAMES M. WILKERSON, AND ALL OTHER PERSONS TO WHOM NOTICE AND KNOWLEDGE OF THIS ACTION MAY COME, DEFENDANTS.

(Filed 25 November, 1959.)

**1. Appeal and Error § 38—**

Assignments of error not discussed in the brief are deemed abandoned.

COTTON MILLS *v.* LOCAL 584.

**2. Constitutional Law §§ 31, 37:  Contempt of Court § 6:  Criminal Law § 155—**

In proceedings under an order to show cause why respondent should not be held in contempt of court for the willful violation of a restraining order, the admission of affidavits tending to establish specific acts done by respondent in violation of the order will not be held for error when respondent does not challenge the admission of the affidavits or indicate any desire to cross-examine any affiant on the hearing, or move to strike, or except to the order on such ground, since respondent will be held to have waived his right of confrontation.

**3. Contempt of Court § 6—**

Evidence tending to show that the restraining order issued in the cause had been conspicuously posted on bulletin boards at plaintiff's plant and at the court house door, had been published in the local newspaper, and its contents publicized by radio and that its import was of general knowledge throughout the county, that the labor union of which respondent was a member had been served with the order, together with respondent's own testimony on the hearing of the order to show cause, *is held* sufficient to support the finding of the court that the respondent had actual notice of the substance of the provisions of the order, it not being required that plaintiff show by positive evidence that respondent had actually read the restraining order or that it had been read to him.

HIGGINS, J., not sitting.

APPEAL by Wiley Harp from *Mallard, J.,* May 25, 1959 Special Criminal Term, of VANCE, docketed in this Court as No. 393.

This appeal is from an order entered May 25, 1959, adjudging Wiley Harp in contempt "for wilfully, knowingly and intentionally" violating, on February 24, 1959, Sections 1, 2 and 5 of a temporary restraining order issued February 13, 1959, by Judge Bickett, based on facts alleged in the verified complaint, in the above-entitled civil action.

The restraining order of February 13, 1959, contains, *inter alia,* the following provisions:

"And upon a consideration of said verified complaint treated as an affidavit, it appearing to the court that the defendants named herein and other persons unknown to the plaintiff, have committed and are committing unlawful acts upon and off the plaintiff's premises near Henderson, North Carolina, and are unlawfully interfering with the conduct of the plaintiff's business and with free and lawful ingress and egress to and from the plaintiff's plant by agents and employees of plaintiff and others; and have threatened and are threatening to continue their unlawful conduct and to continue unlawfully interfering with the plaintiff in the use of its premises and the prosecution of its business, and to interfere with

and molest persons rightfully entering upon the plaintiff's premises; and it appearing to the Court that the plaintiff is entitled to a temporary order restraining and enjoining the defendants from continuing their said unlawful acts and conduct; it is now, therefore,

"ORDERED, ADJUDGED, AND DECREED that the named defendants, and each of them, and all persons acting in concert with them or under their direction or the direction of any of them, and all other persons to whom notice and knowledge of this order may come, are, until the merits of this cause are determined, and until this court orders otherwise, hereby enjoined and restrained as follows:

"1. From interfering in any manner with free ingress and egress to and from the plaintiff's premises.

"2. From assaulting, threatening, abusing, damaging the property of or in any manner intimidating persons to (sic) work or seek to work in or lawfully seek to enter plaintiff's plant, whether on the plaintiff's premises or streets, or thoroughfares adjacent thereto, or away from said premises.

"3. . . .

"4. From having more than 8 persons at any one time as peaceful pickets at any gate to the plaintiff's plant, provided that no person, including pickets, may approach closer to any gate or entrance to the plaintiff's plant than 75 feet, . . .

"5. No person shall abuse, intimidate, strike, threaten, or use any vile, abusive, violent, or threatening language at or towards any person on the plaintiff's premises or any person entering or leaving said premises, or any employees of plaintiff anywhere, and shall in no manner interfere with or impede any motor vehicles, wagon, cart, truck, or animal, in approaching or leaving the plaintiff's premises, and shall in no manner interfere with the free ingress and egress of any person or vehicle or animal to or from the plaintiff's plant, or along and over any of the streets, roads, or walkways adjacent or leading to the plaintiff's plant.

"The acts which persons are hereby enjoined and restrained from doing, they and each of them likewise are hereby enjoined and restrained from aiding or procuring or causing to be done."

It was ordered that (1) the Sheriff of Vance County serve copies of the restraining order on the named defendants, and (2) that he "post copies of this order in conspicuous places at and in the vicinity of the plaintiff's plant, and particularly at all the entrance gates to said plant." It was further ordered that defendants appear before Judge Bickett on March 5, 1959, at designated time and place, to

show cause why the temporary restraining order should not be continued to the trial of the action on its merits.

Service of the summons, complaint and restraining order was promptly made on all (except four individual defendants) defendants.

The temporary restraining order of February 13, 1959, was in full force and effect on February 24, 1959. By order of March 5, 1959, it was continued in full force and effect until trial on the merits.

Wiley Harp was not named as a defendant nor was he served with summons, complaint or restraining order.

On February 25, 1959, based on plaintiff's motion of February 24, 1959, and attached affidavits, Judge Sharp ordered six persons, namely, Richard (Cotton) Parrott, Floyd Ray Harp, Daisy Moser, Gilbert Clayton, Leslie (Bud) Ross and Wiley Harp to appear before Judge Bickett on March 5, 1959, at designated time and place, to show cause why each of them should not be punished for contempt of court for wilful violation of said restraining order.

The affidavits attached to plaintiff's said motion and referred to in Judge Sharp's said order are identified as affidavits of L. W. Byrum, Jesse Meacham, Jack J. Renn, Curtis Strickland, Bradsher Redd, Henry Orr and Lucy W. Ball. An affidavit of Mrs. Lucy W. Ball, sworn to and subscribed February 24, 1959, was offered in evidence at the hearing on May 25, 1959, before Judge Mallard. This is one of the affidavits attached to plaintiff's said motion of February 24, 1959. The affidavits of L. W. Byrum, Jesse Meacham, Jack J. Renn, Curtis Strickland, Bradsher Redd and Henry Orr do not appear in the record either as exhibits attached to plaintiff's said motion of February 24, 1959, or otherwise.

Copies of Judge Sharp's order of February 25, 1959, and of plaintiff's said motion of February 24, 1959, and attached affidavits, were served February 25, 1959, on each of the six respondents. Judge Sharp's order set forth, *inter alia*, that it appeared from the affidavits attached to plaintiff's motion that the six respondents "had full knowledge of the fact that said Temporary Restraining Order had been issued and of the contents thereof."

An answer to said order to show cause, filed in behalf of the six respondents, was verified by each of them. Generally, the respondents denied the alleged misconduct, declared "they had no intent at any time to commit any wilful or unlawful act in violation of said Restraining Order," and prayed that they not be adjudged in contempt and that the order to show cause be dismissed. In addition, each respondent denied that he had committed certain specific acts, evidently specific acts alleged to have been committed by such respondent

in one or more of the affidavits attached to plaintiff's said motion of February 24, 1959. As to Wiley Harp, such provision of the answer is in these words: "That Respondent Wiley Harp denies that he threw a rock or brick or any other missile at Lucy Ball's car on February 20, 24 or any other date." The respondents did not assert that they, or any of them, did not have "full knowledge of the fact that said Temporary Restraining Order had been issued and of the contents thereof."

The hearing on return of said order to show cause, having been continued from time to time, was held by Judge Mallard on May 25, 1959.

At the hearing, plaintiff offered in evidence the court records referred to above, the affidavit of Mrs. Lucy W. Ball and the affidavit of Sheriff E. A. Cottrell. The only evidence offered by respondent Wiley Harp was his personal testimony.

Judge Mallard's order of May 25, 1959, contains, *inter alia*, these findings of fact and provisions:

"That Wiley Harp had actual knowledge of the Restraining Order and the contents thereof issued by Judge William Y. Bickett on February 13, 1959, by means of the said Restraining Order being conspicuously posted on bulletin boards set 75 feet on either side of the gates of the Henderson Cotton Mills, and two copies of said Order being posted on either side of the door of the Vance County Court House, and a copy thereof being published in the Henderson Daily Dispatch, a newspaper published in Vance County, on February 14, 1959, and the contents thereof having been publicized over the radio, that Wiley Harp is and was on February 24, 1959 a member of Local Union No. 584, Textile Workers of America, and that a copy of the Restraining Order issued herein was served on Local Union No. 584 on February 14, 1959.

"And the Court further finds as a fact . . . that at or about 7:00 o'clock A.M. on February 24, 1959 Wiley Harp threw a rock at a taxi in which Lucy Ball was driving to work at Plaintiff's plant at the beginning of the 7:00 o'clock workshift; that Lucy Ball was an employee of the Henderson Cotton Mills on February 24, 1959 and worked in Plaintiff's plant; that the taxi was driven by Lucy Ball's husband; that Wiley Harp was a member of the picket line picketing Plaintiff's plant at or about 7:00 o'clock A.M. on February 24, 1959.

"The Court further finds as a fact . . . that Wiley Harp wilfully, knowingly and intentionally violated the terms of the Restraining Order at or about 7:00 o'clock A.M. on February 24, 1959 by

throwing a rock at a taxi carrying a person who worked in the Henderson Cotton Mills as the said worker was approaching Plaintiff's plant, thereby violating Section 1 of the Restraining Order by interfering with free ingress to Plaintiff's premises, and violating Section 2 of the Restraining Order by assaulting, threatening, and abusing and intimidating a person who works in Plaintiff's plant, and violating Section 5 of the Restraining Order by throwing said rock at a worker's car thereby abusing and intimidating a person seeking to enter Plaintiff's premises and impeding a motor vehicle approaching Plaintiff's premises and interfering with free ingress to Plaintiff's plant.

"The Court further finds that the above acts committed by the said Wiley Harp were committed for the purpose of wilfully, knowingly and intentionally intimidating employees and persons who work in or seek to work in Plaintiff's plant, and interfering with and impeding motor vehicles approaching Plaintiff's premises, and interfering with free ingress to Plaintiff's plant.

"The Court further finds as a fact that Wiley Harp, on the 24th day of February, 1959, at or about 7:00 o'clock A.M. did wilfully, knowingly and intentionally violate the terms of the Restraining Order heretofore issued in this cause.

"NOW THEREFORE, the Court does hereby find, and IT IS ORDERED AND ADJUDGED that Wiley Harp is in contempt of this Court for wilfully, knowingly and intentionally violating the terms of the Restraining Order issued herein.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Wiley Harp be confined to the common jail of Vance County for a period of 20 days, and pay a fine of $100.00."

Respondent Wiley Harp excepted to said order of May 25, 1959, and to the findings of fact and conclusions of law set forth therein, and appealed.

*Perry & Kittrell, Charles P. Green, A. W. Gholson, Jr., and Alton T. Cummings for plaintiff, appellee.*

*W. M. Nicholson, James J. Randleman, L. Glen Ledford and James B. Ledford for respondent, appellant.*

BOBBITT, J.   While the record shows four assignments of error, only two are discussed in appellant's brief. Assignments of error, under our Rules and decisions, are deemed abandoned when appellant's brief states no reason or argument and cites no authority in support thereof. *S. v. Perry*, 250 N.C. 119, 108 S.E. 2d 447.

Appellant assigns as error: "That the Respondent was denied the right to face and cross-examine their (sic) accusers, contrary to the laws of the State of North Carolina." Here, as in No. 385, *Harriet Cotton Mills v. Local Union No. 578, Textile Workers Union of America (AFL-CIO), et al., ante, 218,* this respondent did not object to the evidence when offered, nor did he move to strike the evidence or any part thereof, nor did he request an opportunity to cross-examine Mrs. Ball or Sheriff Cottrell, nor did he except to the order of Judge Mallard on the ground set forth in this assignment of error; and, on authority of what is stated and held in the cited case, this assignment of error is overruled.

Appellant's remaining assignment of error is based on his general exception to Judge Mallard's order and to the findings of fact and conclusions of law set forth therein. Appellant, *in his brief,* does not contend that the evidence was not sufficient to support the findings as to his conduct on February 24, 1959. Rather, in support of this assignment of error, he contends that, under *Hart Cotton Mills v. Abrams,* 231 N.C. 431, 57 S.E. 2d 803, and *Erwin Mills v. Textile Workers Union,* 234 N.C. 321, 67 S.E. 2d 372, it was "incumbent upon the plaintiff to prove that the respondent 'knew that such order had been issued and knew the contents thereof,' " and that the evidence was not sufficient to support the court's finding to that effect. While appellant's said exception and assignment of error might well be dismissed as broadside, we deem it appropriate to discuss this contention.

There was evidence tending to show these facts: On February 24, 1959, respondent was at the first fire barrel, "on the other side of the 75 foot picket line," in the area where a copy of the restraining order was conspicuously posted on a bulletin board. He was an employee of plaintiff in this particular plant, was a member of defendant Union, and was then on strike. On the morning of February 24, 1959, he was at the picket line at the time of the change of shifts. Respondent knew the restraining order had been issued and that defendant Union, of which he was a member, had been served. He had been told that the picket line "is about 75 feet from the Main Gate." Section 4 of the restraining order expressly prohibited pickets from approaching closer to plaintiff's gate or plant than 75 feet. He knew he "was not supposed to interfere with the people going to and from work . . ." Section 1 of the restraining order prohibited "interfering in any manner with free ingress and egress to and from the plaintiff's premises." Too, respondent's failure, in his answer to the order to show cause, to deny or in any way challenge the allegation therein that he "had full knowledge of the fact that said Temporary Restraining Order had

been issued and of the contents thereof," is a significant circumstance.

This evidence, together with evidence that the restraining order was published in the newspaper, the contents thereof publicized by radio, and that it was a matter of general knowledge throughout Vance County, was sufficient, in our opinion, to support Judge Mallard's finding that respondent "had actual knowledge of the Restraining Order and the contents thereof."

It was not incumbent upon plaintiff to show by positive evidence that respondent actually read the restraining order or that it was read to him. If this were true, all a person need do to avoid attachment for contempt for wilful violation of the restraining order would be to refrain deliberately from reading it or from listening to the reading thereof. *Evidence that respondent had knowledge that the restraining order had been issued and that that he had actual notice of the substance of the provisions thereof which he violated is sufficient.* Applying this test, Judge Mallard's said finding is well supported by the evidence. Indeed, it is based in substantial part on respondent's own testimony.

Decisions in accord, as to the sufficiency of the evidence to support the challenged finding, include: *Nashville Corporation v. United Steelworkers, etc.* (Tenn.), 215 S.W. 2d 818; *Huckaby v. Griffin Hosiery Mills* (Ga.), 52 S.E. 2d 585; *United Packing House Workers of America v. Boynton* (Iowa), 35 N.W. 2d 881.

It is noted: Nothing in the record before us indicates what disposition, if any, has been made of the contempt proceedings in relation to Richard (Cotton) Parrott, Floyd Ray Harp, Daisy Moser, Gilbert Clayton and Leslie (Bud) Ross, appellant's co-respondents.

We are of opinion, and so hold, that there was ample evidence to support Judge Mallard's findings of fact, conclusions of law, and order. Hence, the order will be affirmed.

Affirmed.

HIGGINS, J., not sitting.