WILLIAM ROBERT DINKINS, JR. v.
BOBBY BOOE AND FRED TRAVIS DRIVER.

(Filed 10 June, 1960.)

**1. Appeal and Error § 38—**

Exceptions not supported by reason or argument in the brief are deemed abandoned.

**2. Automobiles § 53—**

An owner of an automobile who entrusts its operation to a person he knows, or should know in the exercise of due care, to be an incompetent or reckless driver, may be held liable for his own negligence in so doing in an action instituted by a person injured as a result of the negligence of such driver.

**3. Same—**

Testimony of an owner of a motor vehicle that he knew that a certain person had been convicted of driving without an operator's license, and that such person had thereafter been involved in two separate automobile accidents, but that he had no knowledge of the fact that such person had been convicted of other violations of the traffic laws, *is held* sufficient to be submitted to the jury on the issue of the owner's negligence in entrusting the operation of his vehicle to such person.

**4. Automobiles § 54h:   Appeal and Error § 45—**

An affirmative answer to the jury on the issue of the negligence of the owner of a motor vehicle in entrusting its operation to a person whom he knew or should have known to be a reckless driver, is sufficient to charge the owner with liability for injuries resulting from the negligence of such driver irrespective of agency, and therefore the submission of an issue of agency cannot be prejudicial to such owner.

**5. Automobiles § 46:   Appeal and Error § 20—**

An instruction to answer the issue of negligence in the affirmative

DINKINS *v.* BOOE.

if the jury should find that defendant's negligence was the proximate, rather than a proximate cause, of the accident, is favorable to defendant, and defendant, not being prejudiced thereby, will not be heard to complain.

**6. Trial § 32—**

The court is not required to give requested instructions in the exact language of the request, but it is sufficient if the court gives such instructions in substance.

**7. Automobiles §§ 15, 46—**

In this action involving a collision of vehicles traveling in opposite directions, defendant contended that he was confronted with plaintiff's vehicle on its left side of the highway, and, in the emergency, drove to his left in an effort to avoid collision. An instruction of the court as to the law of the road in passing a vehicle traveling in the opposite direction, as to sudden emergencies, and applying the law to the facts in evidence, with further instructions that if defendant's conduct was that of an ordinarily prudent person under similar circumstances he would not be guilty of negligence even though he pulled his vehicle to the left of the road, *is held* without error.

**8. Appeal and Error § 42—**

An exception to the charge of the court will not be sustained when the charge is without prejudicial error when construed contextually.

**9. Damages § 15—**

Where the court reviews in detail the evidence of plaintiff's injuries, the failure of the court to repeat such evidence in stating the rule for the admeasurement of damages for personal injury will not be held for error.

APPEAL by defendants from *Gambill, J.,* at November 1959 Civil Term, of YADKIN.

Civil action to recover for alleged personal injuries proximately resulting from actionable negligence of defendants; to which defendants, answering, deny negligence on their part, and plead in bar of recovery contributory negligence of plaintiff, and set up cross-action for personal injury and property damage, allegedly resulting from negligence of plaintiff.

The collision involved here occurred on 27 January 1959, at approximately 6:30 A.M., on the Courtney-Huntsville highway in Yadkin County. In the vicinity of the Huntsville Baptist Church the Courtney-Huntsville highway is generally straight and level for a distance of 2000 feet or more, runs in an east-west direction, and is about 18 ½ feet wide. About 500 feet or more in an easterly direction from the western end of this section of the road there was a defective condition described as a broken place extending all the way across the

road and running from 20 to 30 feet along the road. The broken place had been in existence for a month or more and had grown progressively worse. The existence of the defective condition was known to the operators of both automobiles. An automobile could cross the broken place in either the eastbound or westbound traffic lane but due to the deeper holes near the shoulders on each side, the broken place was in better condition for passage in the center of the road. The collision occurred a short distance east of the broken section.

Plaintiff was the owner and operator of the Ford automobile involved. The other automobile, a Frazier, was owned by defendant Fred Driver and was being operated at the time by defendant Bobby Booe. Both drivers were injured in the collision. Plaintiff alleged that defendant Booe was negligent in that he operated the Frazier automobile carelessly and heedlessly at an excessive rate of speed, with only one headlight, with inadequate brakes, on the wrong side of the highway, without keeping a proper lookout and without keeping the automobile under control, and that such negligence was the proximate cause of the collision and the resulting damages. Plaintiff alleges that the negligence of defendant Booe should be imputed to defendant Fred Driver for that at the time of the collision the defendant Booe was using the automobile as agent, servant and employee of defendant Fred Driver, and within the course and scope of his employment by defendant Fred Driver. Plaintiff further alleges that defendant Fred Driver was negligent in permitting defendant Booe to operate the automobile when he knew or by the exercise of reasonable care should have known that defendant Booe was an incompetent and irresponsible driver.

Defendant Booe denies negligence on his part and alleges that plaintiff was negligent in that he operated his automobile carelessly and heedlessly on the wrong side of the road, that he failed to keep a proper lookout, and failed to have his automobile under proper control, and that plaintiff's negligence was the proximate cause of the collision. Defendant Fred Driver admits ownership of the Frazier automobile, but denies (1) that defendant Booe was negligent, (2) that defendant Booe was acting as his agent at the time of the collision, and (3) that he was negligent in permitting defendant Booe to operate his automobile, and alleges negligence on the part of plaintiff in several particulars proximately causing the collision.

Plaintiff's evidence tends to show that on the morning in question he was proceeding along the Courtney-Huntsville road in his Ford automobile in an easterly direction on his way to work; that the weather was foggy; that the road was damp; and that he was driving

with the headlights of his automobile on; that as he approached the above described broken place in the highway, he observed no one coming from the opposite direction; that he slowed down to about 25 miles per hour; that he turned his automobile to the left in order to cross the broken place near the center of the highway; that his left wheels were approximately two feet over the center of the highway and in the westbound traffic lane; that while his automobile was still in the broken section he saw a single light glowing in the center of the highway several hundred feet ahead of him; that he did not at first distinguish the object as being an automobile; that he proceeded to return his automobile to his eastbound traffic lane; that after he had crossed over the broken place and had returned to his side of the road his headlights illuminated an automobile approaching him at a rapid rate of speed traveling west in the eastbound traffic lane with only the left headlight on; that he pulled off to his right-hand side of the road as far as he could go without driving into the ditch and stopped; and that then the left front portion of the approaching automobile struck the left front portion of his automobile, and he was injured in the collision.

The defendants' evidence tends to show that defendant Booe was proceeding along the highway in a westerly direction in the Frazier automobile which he had borrowed for his own use; that he was driving about 50 or 55 miles per hour; that "as far as defendant knew" both headlights were on; that he observed an automobile approaching five or six hundred feet ahead of him; that when the automobiles had approached to within 150 or 200 feet of each other the automobile that was meeting him pulled over to his (the defendant's) side of the road; that he thought the approaching automobile was stopping or had stopped in his lane of travel; that he slowed down and pulled over into the eastbound traffic lane in order to pass it; that he then observed the approaching automobile pulling back into the eastbound lane; that he then applied his brakes and attempted to return to his westbound lane; that he had "slowed down close to 35"; that the automobiles collided, and that he was injured in the collision. A witness for defendant testified that the right headlight of the Frazier automobile was on when he arrived at the scene of the collision. Defendant Booe testified that the collision occurred in the center of the highway.

The issues raised by the pleadings were submitted to the jury. The issues of negligence and contributory negligence were answered in favor of the plaintiff, and the issue as to the negligence of the defendant Fred Driver in entrusting his automobile to the defendant

Booe was answered against defendant Fred Driver. Both defendants excepted to and appeal from the judgment entered in accordance therewith to Supreme Court, and assign error.

*Walter Zachary, R. Lewis Alexander, Hudson, Ferrell, Carter, Petree & Stockton for plaintiff, appellee.*
*Womble, Carlyle, Sandridge & Rice, H. Grady Barnhill, Jr., F. D. B. Harding for defendants, appellants.*

WINBORNE, C. J.    Careful consideration of the record and case on appeal in case in hand fails to reveal prejudicial error.

Appellant Fred Driver's exceptions 1, 2, 8, and 19, and appellant Booe's exceptions 2, 4, and 13 are expressly abandoned by appellants. Fred Driver's exceptions 9 and 18 are taken as abandoned, no reason or argument having been stated nor authorities cited in support of the assignments based upon them. *Harmon v. Harmon,* 245 N.C. 83, 95 S.E. 2d 355; *Cotton Mills v. Local 584,* 251 N.C. 240, 111 S.E. 2d 471.

Appellant Fred Driver assigned as error the court's submission of the issue as to his negligence in entrusting his automobile to appellant Booe, and the court's denial of his motion for peremptory instructions on the issue. Driver testified that he had known Booe all his life, that he "saw him pretty often" prior to the time of the wreck, that he owned the automobile being operated by Booe at the time of the collision, and that he had given Booe permission to use the automobile. He further testified that he knew at the time that Booe had had a "very serious" automobile accident in 1956, an automobile accident in June 1958, and that Booe had been convicted of driving without an operator's license in 1953. He denied prior knowledge of other violations of the motor vehicle laws by Booe, for which violations convictions had been admitted by Booe. One of these violations was operating an automobile on the wrong side of the highway at the time of the "very serious" accident in 1956.

This Court said in *Heath v. Kirkman,* 240 N.C. 303, 82 S.E. 2d 104, that "We recognize the principle that the owner of a motor vehicle who entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver, thereby becomes liable for such person's negligence in the operation thereof; and in such case the liability of the owner is predicated upon his own negligence in entrusting the operation of the motor vehicle to such a person. 60 C.J.S. p. 1057, Motor Vehicles, Sec. 431; 5 Am. Jur. 696, Automobiles, Sec. 355; *Bogen v. Bogen,* 220

N.C. 648, 18 S.E. 2d 162; *McIlroy v. Akers Motor Lines*, 229 N.C. 509, 50 S.E. 2d 530." In *Roberts v. Hill*, 240 N.C. 373, 82 S.E. 2d 373, the principle is again recognized and discussed. The evidence in the case at hand was sufficient to take this issue to the jury. The court properly denied the motion for peremptory instructions on the issue. *Gouldin v. Ins. Co.*, 248 N.C. 161, 102 S.E. 2d 846.

Appellant Fred Driver moved that the jury be peremptorily instructed on the issue of agency, and for a directed verdict on that issue. He excepted to the denial of the motions and assigned error thereto. The jury did not answer this issue. Its answer to the issue of Fred Driver's negligence in entrusting his automobile to appellant, Booe, together with its answers to the general issues of negligence and contributory negligence, was sufficient to support the judgment against appellant Fred Driver. If error were made to appear in the submission of the issue of agency, it would not be prejudicial to appellant. *Call v. Stroud*, 232 N.C. 478, 61 S.E. 2d 342; *Squires v. Ins. Co.*, 250 N.C. 580, 108 S.E. 2d 908.

Error is assigned to the court's charge on proximate cause. The court correctly instructed the jury that negligence, to be actionable, must proximately cause the injury complained of. *Lane v. Bryan*, 246 N.C. 108, 97 S.E. 2d 411; *McNair v. Richardson*, 244 N.C. 65, 92 S.E. 2d 459. The court defined proximate cause in substantial accord with the decisions of this Court. *Chambers v. Edney*, 247 N.C. 165, 100 S.E. 2d 343; *Adams v. Bd. of Education*, 248 N.C. 506, 103 S.E. 2d 854. In applying the law to the evidence in this case relating to the issue of defendant Booe's negligence, the court instructed the jury that in order to answer the first issue in the affirmative it must find that defendant was negligent and, that defendant's negligence was *the* proximate cause of plaintiff's injury. This instruction placed an undue burden on plaintiff. "This instruction was favorable to the defendants. They were not prejudiced thereby and cannot be heard to complain." *Price v. Gray*, 246 N.C. 162, 97 S.E. 2d 844. The court's charge relating to proximate cause on the issue of contributory negligence is approved on authority of this Court's decision in *Price v. Gray, supra*.

The defendants below submitted a request for special instructions on the standard of care required of defendant Booe when confronted with the automobile on his side of the road, and on the conduct of plaintiff in driving to the left as constituting contributory negligence. Appellants assign the court's failure to give the requested instruction as error.

This Court said in *In Re Will of Hall*, 252 N.C. 70, 113 S.E. 2d 1,

that "where the prayer for special instructions is properly presented, the court ' * * * is not required to give them in the exact words used, and a substantial compliance with the request is sufficient.' 2 N.C.P. &P McIntosh, Sec. 1517, p. 56; *Michaux v. Rubber Co.,* 190 N.C. 617, 619, 130 S.E. 306." The court below explained the provisions of G.S. 20-148, applied them to the evidence, and fairly stated the contentions of the defendants relating thereto. In charging on the first issue the court instructed the jury "that if you find that (the defendant Booe) was acting in a sudden emergency and that his conduct was the conduct of an ordinary prudent person under similar circumstances, even though he pulled to the left of the road, he would not be guilty of negligence. An automobile driver who, by the negligence of another and not by his own negligence, is suddenly confronted with an emergency, compelled to act instantly, is not guilty of negligence if he makes an unwise choice * * * whether he used reasonable care under the circumstances is for you to say * * *. If you find that he did act as an ordinary prudent person, you would answer the issue 'No', even though he pulled to the left side of the highway." And in charging on the issue of contributory negligence the court instructed the jury that if it should find that the plaintiff pulled to the left of the highway and failed to yield at least one-half of the main traveled portion of the highway, he would be guilty of contributory negligence, and that if the jury should find that plaintiff's negligence was a proximate cause of the injuries, it would answer the issue "Yes". The court further charged with respect to the conduct of the plaintiff in pulling to the left thereby creating a sudden emergency facing defendant, and instructed the jury that such conduct would constitute negligence. When the entire charge is read contextually, it appears that the court's instructions on these points substantially complied with the request, and in the light of the pertinent decisions of this Court, *Hoke v. Greyhound Corp.,* 227 N.C. 412, 42 S.E. 2d 593; *Journigan v. Ice Co.,* 233 N.C. 180, 63 S.E. 2d 183; *Henderson v. Henderson,* 239 N.C. 487, 80 S.E. 2d 383; *Lucas v. White,* 248 N.C. 38, 102 S.E. 2d 387; *Blackwell v. Lee,* 248 N.C. 354, 103 S.E. 2d 703; *Bondurant v. Mastin,* 252 N.C. 190, 113 S.E. 2d 292, do not contain error prejudicial to appellants.

Appellant Fred Driver's assignment of error number 18 and appellant Booe's assignment number 11 are that the court erred in failing to apply the law to the evidence in that the court made no reference to any of the evidence concerning injuries in its charge on the issue of damages. It is apparent that the court based its charge on this issue upon the charge approved in *Hunter v. Fisher,* 247 N.C.

226, 100 S.E. 2d 321. Here as in the *Hunter* case the court reviewed in detail the evidence of plaintiff's injuries. The charge approved in the *Hunter* case was given to the jury. The assignments of error relating thereto are overruled.

Other assignments of error to the charge have been considered. When the charge is read and considered as a composite whole, prejudicial error as to appellants sufficient to warrant a new trial is not shown. *Kennedy v. James,* 252 N.C. 434.

No error.