JAMES KOUTSIS v. RUBY JOHNSON WADDEL

.No. 7111SC127

(Filed 31 March 1971)

Damages § 16— instructions — permanent damages — application of law
    to evidence

   In an action to recover for personal injuries received in an automobile accident, the trial court properly declared and explained the law arising on the evidence as to the issue of damages by correctly stating the rule for the assessment of damages and reviewing in detail the evidence of plaintiff's injuries, and the court did not err in failing to give special instructions favorable to defendant with respect to an award of permanent damages for a back injury allegedly sustained by plaintiff in the accident.

APPEAL by defendant from *Bailey, J.*, October 1970 Civil Session, HARNETT Superior Court.

This is a civil action to recover damages for personal injuries allegedly sustained by plaintiff in an automobile accident occurring on 19 March 1969. Issues of negligence and damages were submitted to and answered by the jury in favor of the plaintiff and against the defendant, and from a judgment entered on the verdict that the plaintiff recover $10,000.00, the defendant appealed to this Court.

*Wilson, Bowen & Lytch by Wiley F. Bowen for plaintiff appellee.*

*Bryan, Jones, Johnson, Hunter & Greene by Robert C. Bryan for defendant appellant.*

HEDRICK, Judge.

By his single assignment of error the defendant contends that the court failed to declare and explain the law arising on the evidence with respect to the issue of damages as required by G.S. 1A-1, Rule 51(a), and the defendant asserts that the court should have instructed the jury:

"(a) . . . that if they believe that plaintiff's back injury, . . . was sustained when he lifted the pot on February 10, and was not an aggravation of a pre-existing injury sustained in the accident, then they should not consider any back injury found by Dr. Israel in arriving at the amount of the damages.

"(b) . . . that if the jury should find that the plaintiff's injuries were not lasting or permanent, they should award nothing for future pain and suffering.

"(c) . . . that if they believed the plaintiff's back had completely healed when he was released by Dr. Poole on June 1st that any award for back injury should terminate on June 1st."

The evidence with respect to the plaintiff's injuries tended to show: On 19 March 1969, plaintiff was injured in an automobile accident and was hospitalized for ten days. The plaintiff had a severe contusion of the spleen and left kidney and marked sprain of the muscles of the lumbar spine area. Dr. M. B. Poole testified that he filled out forms which indicated that the

plaintiff would be partially disabled until 1 June 1969 and that he "would no longer be disabled either wholly or partially after June 1st, 1969. . . . " Dr. Poole also testified that the plaintiff "could or would have" some permanent residual disability as a result of the injury sustained in the automobile accident. Dr. Ray Israel testified that he examined the plaintiff in November 1969, February 1970, and through April 1970, and "made a diagnosis that the plaintiff had a lumbosacral strain secondary to trauma and hematuria secondary to trauma . . . that the prognosis is poor for complete recovery . . . and estimates that the extent of the permanency is about 10% of the back." On 10 February 1970, plaintiff picked up a pot that weighed about fifteen pounds and began to have severe pain in his lower back. The plaintiff went to see Dr. Israel on the same day. With respect to this incident, Dr. Israel testified, " . . . that lifting or bending on February 10th could aggravate an injury to the extent that Mr. Koutsis had when he examined him, but he did not think it could cause the initial injury."

The assignment of error is without merit. All of the evidence tends to show that the injury described by Dr. Israel resulted from the automobile accident on 19 March 1969, and the incident on 10 February 1970 was at most an aggravation of the original injury. There is no evidence whatsoever tending to show that the plaintiff sustained a new or independent injury on 10 February 1970. There is an abundance of evidence tending to show that the plaintiff had some residual or permanent disability which resulted from the automobile accident.

The evidence clearly shows that the defendant's back had not healed when he was released by Dr. Poole in June 1969, and he was suffering from hematuria (blood in the urine) when Dr. Israel examined him in November 1969.

The defendant made no request for special instructions.

"Where the court adequately charges the law on every material aspect of the case arising on the evidence and applies the law fairly to the various factual situations presented by the evidence, the charge is sufficient and will not be held error for failure of the court to give instructions on subordinate features of the case, since it is the duty of a party desiring instructions on a subordinate feature, or

greater elaboration, to aptly tender a request therefor." 7 Strong, N.C. Index 2d, Trial, § 33, p. 329.

We have carefully considered the court's instructions to the jury with respect to the issue of damages and find that the court declared and explained the law arising on the evidence by correctly stating the rule for the assessment of damages and reviewing in detail the evidence of plaintiff's injuries. *Hunter v. Fisher*, 247 N.C. 226, 100 S.E. 2d 321 (1957) ; *Dinkins v. Booe*, 252 N.C. 731, 114 S.E. 2d 672 (1960).

On this appeal we find

No error.

Judges CAMPBELL and BRITT concur.