SWICEGOOD v. COOPER

[113 N.C. App. 802 (1994)]

———————————

CLARENCE EDWARD SWICEGOOD, JR. v. CAROL INMAN COOPER

No. 9310DC476

(Filed 1 March 1994)

**Automobiles and Other Vehicles § 440 (NCI4th) — driver's speeding and safe movement violations — insufficient evidence of negligent entrustment**

Defendant's evidence was insufficient to require submission to the jury of an issue of plaintiff's negligent entrustment of his automobile to his twenty-five-year-old son where it tended to show that, during a five-year period, the son had been convicted of six speeding violations, ranging from a high of speeding 75 m.p.h. in a 65 m.p.h. zone to a low of speeding 40 m.p.h. in a 35 m.p.h. zone; he had also been convicted of three safe movement violations; and his license had been suspended for a sixty-day period because he had accumulated more than twelve points on his driving record. Traffic violations of the type and frequency shown by the evidence do not support a conclusion that the son was an incompetent or reckless driver likely to cause harm to others in the operation of plaintiff's automobile. ·

**Am Jur 2d, Automobiles and Highway Traffic §§ 643-646.**

Judge COZORT dissenting.

Appeal by defendant from judgment entered 20 January 1993 in Wake County District Court by Judge Joyce A. Hamilton. Heard in the Court of Appeals 8 February 1994.

*Tantum & Hamrick, by John E. Tantum and William B. L. Little, for plaintiff-appellee.*

*Law Offices of Robert E. Smith, by Robert E. Ruegger, for defendant-appellant.*

GREENE, Judge.

Carol Inman Cooper (defendant) appeals from judgment entered 20 January 1993 in favor of Clarence Edward Swicegood, Jr. (plaintiff), in this action for damage to personal property.

On 1 April 1992, defendant was involved in an automobile accident with a car driven by Reggie Swicegood (plaintiff's son) and owned by plaintiff. As defendant was driving her Plymouth van west on Brassfield Road through the intersection of Honeycutt Road, her van was struck in the right rear wheel area by plaintiff's automobile, which Reggie Swicegood was driving south on Honeycutt Road.

At the time of the accident, Reggie Swicegood, age twenty-five, did not live with plaintiff, although he was driving plaintiff's automobile with plaintiff's permission. Testimony established that he had driven plaintiff's automobile on several previous occasions.

Plaintiff brought this suit to recover for damages to his automobile. Prior to trial, the trial court granted plaintiff's motion in limine to prohibit any evidence regarding the issue of negligent entrustment. Defendant, during her offer of proof submitted Reggie Swicegood's driving record, which revealed that, between 1986 and 1991, Reggie Swicegood had been convicted of six separate speeding violations, ranging from a high of traveling seventy-five miles per hour in a sixty-five mile per hour zone to a low of forty miles per hour in a thirty-five mile per hour zone. He had also been convicted of three safe movement violations. On one occasion in 1988 his license was suspended for a sixty-day period for accumulating more than twelve driving license points. Defendant also tendered

the testimony of plaintiff that plaintiff was aware only of two of his son's violations of the motor vehicle law, namely two of the safe movement violations. Plaintiff testified that he was not aware that his son's license had been suspended.

Defendant's request to submit negligent entrustment to the jury was denied by the trial court. The trial court submitted only the following issue to the jury:

1. Was the plaintiff, Clarence Edward Swicegood, [J]r., damaged by the negligence of the defendant, Carol Inman Cooper?

The jury answered this issue "yes" and awarded plaintiff $8,000. On the bottom of the jury verdict form the jury wrote: "We also feel that Mr. [Reggie] Swicegood was guilty of speeding & was partly responsible for this accident."

---

The determinative issue presented is whether the evidence tendered by defendant on the issue of negligent entrustment supported submitting that issue to the jury.

In North Carolina, the owner of an automobile "who entrusts its operation to a person whom he knows, or by the exercise of due care should have known, to be an incompetent or reckless driver" who is "likely to cause injury to others in its use" is liable to third parties for injuries caused by the borrower's negligence. *Dinkins v. Booe*, 252 N.C. 731, 735, 114 S.E.2d 672, 675 (1960); *Roberts v. Hill*, 240 N.C. 373, 377, 82 S.E.2d 373, 377 (1954). Likewise, under the doctrine of contributory negligence, the owner of an automobile who is negligent in the entrustment of his automobile to another is barred from recovering for damages to his automobile caused by a negligent third party while the automobile was being operated by the borrower.

The cases are not particularly helpful in providing guidance as to what qualifies the borrower as "incompetent or reckless." In *Dinkins*, the Supreme Court held that evidence that the owner knew that the borrower had been involved in several automobile accidents and had been convicted of driving without his license was sufficient to present a jury question as to negligent entrustment. *Dinkins*, 252 N.C. at 735, 114 S.E.2d at 675. Evidence that the borrower of the owner's automobile did not have a driver's license and had not been given adequate driving instructions was held

adequate to support submission of negligent entrustment in a Michigan case. *Shepherd v. Barber*, 174 N.W.2d 163, 164 (Mich. App. 1969). A Louisiana case held that evidence that the borrower suffered from severe emotional disorder and was under the influence of drugs was sufficient to support negligent entrustment. *Frain v. State Farm Ins. Co.*, 421 So. 2d 1169, 1173 (La. Ct. App. 1982).

In this case, even if we assume plaintiff knew of his son's complete record of traffic violations, it would have been error to submit the issue of negligent entrustment to the jury. Traffic violations of the type and frequency as shown in this case cannot support a conclusion that the son was an incompetent or reckless driver likely to cause harm to others in the operation of the plaintiff's motor vehicle. *See McFetters v. McFetters*, 98 N.C. App. 187, 390 S.E.2d 348 (substantial evidence needed to support submission of issue to jury), *disc. rev. denied*, 327 N.C. 140, 394 S.E.2d 177 (1990). Thus, the trial court correctly refused to submit the issue of negligent entrustment to the jury.

No error.

Judge ORR concurs.

Judge COZORT dissents.

Judge COZORT dissenting.

The majority has concluded that "traffic violations of the type and frequency as shown in this case cannot support a conclusion that the son was an incompetent or reckless driver likely to cause harm to others in the operation of the plaintiff's motor vehicle." I believe this conclusion is wrong as a matter of law, and I dissent.

The evidence showed that defendant stopped her van at the intersection of Honeycutt Road and Brassfield Road at 3:00 p.m. on Wednesday afternoon, 1 April 1992. Defendant testified she looked to the right and saw nothing coming. As she proceeded to cross the intersection, her van was struck from the right by the 1983 Porsche owned by plaintiff and being driven by his son. The son, a twenty-five-year-old college student, was driving from his father's house in north Raleigh to attend a class, the starting time of which was unknown to the son, at North Carolina State University. The son did not live with his father at that time. The

son was driving his father's Porsche because the son's Jeep was in the repair shop on that particular day.

The son stated to the investigating officer that "I might have been in excess of 55 m.p.h., no faster." Thus, the evidence shows that, when the collision occurred, the plaintiff's son was driving plaintiff's Porsche at least 55 m.p.h. through a school zone at 3:10 p.m. on an April Wednesday afternoon, when the collision occurred.

Plaintiff car owner sued defendant for the property damage to the Porsche. Plaintiff's son, the driver of the Porsche at the time of the accident, did not live with plaintiff at the time, and the Porsche was not subject to the Family Purpose Doctrine. Therefore, the issue of the driver's contributory negligence as a proximate cause of the damage to the Porsche was not an issue which could be submitted to the jury.

The defendant sought to introduce evidence, and requested that the trial court charge the jury, on negligent entrustment. The defendant desired to offer evidence that it was negligence for the owner of the Porsche, a high speed, high performance automobile, to entrust the car to his son. The son had been convicted of nine speeding and safe movement violations during a period beginning 1 May 1986 and ending 24 February 1991. The son also had two other convictions for which he had received a prayer for judgment continued. The son's driver's license had been suspended in 1988 because he accumulated 12 points against his driving record. The offenses included speeding 40 m.p.h. in a 30 m.p.h. zone, speeding 45 in a 35, speeding 60 in a 55, speeding 50 in a 35, speeding over 35 in a 35, speeding 46 in a 35, and speeding 75 in a 65. The majority's conclusion that this record is not evidence of reckless driving habits defies common sense.

I believe the defendant's proposed evidence made out a case for negligent entrustment. The defendant then would have been able to offer evidence that the owner of the Porsche knew, or reasonably should have known, that his son had such a record. The defendant could have inquired into whether the son lived with his father during that period in which he was convicted of the 11 offenses and when his license was suspended, whether any of the offenses were committed in cars owned by the owner of the Porsche, whether the plaintiff provided insurance for his son and would have been on notice by the insurance company of his son's driving record, and any other such factors as would put a reasonable

person on notice as to his son's driving record. The case should be remanded for a new trial.

For these reasons, I respectfully dissent.